■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE THOMAS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), dated November 21, 1986, convicting him of murder in the second degree and manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered; no questions of fact have been raised or considered.

The record reveals that during the jury charge on Friday, October 31, 1986, after the court had explained the general legal principles applicable to all criminal cases, but before the court analyzed the indictment and instructed the jury with respect to the crimes charged against this defendant, a recess was taken. When the jury returned, the court announced that it had been informed by the jury foreman that he was a conductor in an orchestra and that he had a performance scheduled for that evening. He also informed the court that he was a singer and that he was scheduled to perform at a wedding reception the following day in upstate New York. As a result, he expressed the desire to be excused from continued service as a juror. Over defense counsel's objections, the court discharged the juror noting: "It's unfortunate that this was not called to my attention earlier because I might have done something about it then, including perhaps not charging the jury until Monday morning. But now I am practically at the end of my charge and I see no other alternative but to excuse the foreman". An alternate juror was then substituted for the foreman, and the court completed its charge. The jury commenced its deliberations and rendered its verdict that very day. On appeal, the defendant argues that he was deprived of his constitutional and statutory rights to a trial by a jury of his choice when the court discharged the jury foreman. We agree.

The discharge of a seated juror is governed by CPL 270.35, which states in pertinent part, as follows: "If at any time after the trial jury has been sworn and before the rendition of its verdict, a juror *is unable to continue serving by reason of*

*illness or other incapacity, or for any other reason is unavailable for continued service,* or the court finds, from facts unknown at the time of the selection of the jury, that a juror is *grossly unqualified to serve* in the case or has *engaged in misconduct of a substantial nature,* but not warranting the declaration of a mistrial, the court must discharge such a juror" (emphasis added). It is clear that neither the "grossly unqualified to serve" standard nor the "substantial misconduct" standard applies to this case. The question, therefore, is whether the court was correct in discharging the juror because the juror was "unable to continue serving by reason of illness or other incapacity, or for any other reason [was] unavailable for continued service." (CPL 270.35.) The court erred.

Similar to the provision pertaining to the discharge of a juror found to be grossly unqualified, the provision at issue in this case was also intended to secure the right to be tried by a jury in whose selection the defendant has had a voice *(see, People v Page,* 72 NY2d 69, 72-73). Moreover, we have recently held that although the statute "does not define 'illness or other incapacity' * * * the language should be construed in accordance with its common, everyday meaning, thereby permitting the court, in the exercise of its discretion, to make a determination * * * on a case-by-case basis" *(People v Washington,* 131 AD2d 118, 120, *affd* 72 NY2d 69; *People v Rosa,* 138 AD2d 753, 755, *lv denied* 72 NY2d 866).

When construed in terms of their common everyday meaning, and tempered by the consideration of the fundamental nature of the right involved, we are of the view, as we were in *People v Rosa (supra,* at 755), "that the statutory phrases 'incapacity' and 'unavailab[ility] for continued service' do not embrace the circumstances with which the court was confronted in this case". A juror's own convenience is not a sufficient reason to render him unavailable for continued service. Mangano, J. P., Brown, Eiber and Harwood, JJ., concur.