THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN JACKSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered December 22, 1987, convicting him of robbery in the first degree and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. Findings of fact have been considered and are determined to be established.

The record indicates that on Thursday, December 3, 1987, 12 jurors and 3 alternates were selected and agreed upon by the defendant and the prosecution. On the morning of the following day, Friday, December 4, 1987, the court stated on the record that juror number 12 had informed it that she was an observant Jew, and would have to leave by 1:00 P.M. in order to prepare for the Jewish Sabbath. The court rejected

the defense counsel's request to adjourn the case until the following Monday morning. Instead, it gave defense counsel the option of dismissing juror number 12 immediately and replacing her with the first alternate, or commencing the trial and replacing juror number 12 at 1:00 P.M. if the business of the day had not been completed. At this point, the defense counsel made the following remarks to the court: "As I indicated, just for the record, and I just want my statement on the record. The defense strongly opposes the option which is being presented to the defense in this case. The jury selection took place * * * Judge, although I respectfully disagree with your Honor's decision to discharge that juror, I don't believe there is cause for that. I've discussed the situation with my client, *and given the options that we have,* we choose to, at this point, request that * * * No. 12 be discharged and substituted so that one of the alternates can sit in her stead * * * But excluding someone who is a Sabbath observer doesn't seem to me to constitute cause in this case" (emphasis supplied).

Initially, we note, that the defense counsel, in the quoted colloquy, brought this issue to the court's attention in a way "that pinpointed the legal question" *(People v Cobos,* 57 NY2d 798, 800), and never voluntarily consented to the choice presented to him by the court. Consequently, this issue was preserved for appellate review.

With respect to the merits of this issue, there is no indication in the record, or even an allegation by the People, that juror number 12 would not have returned for jury duty on the following Monday morning. The instant case was not a complex one and the short delay which would have been occasioned by adjourning the case to the following Monday morning, in order to accommodate an observer of the Jewish Sabbath, was not a sufficient basis to disregard the defendant's right to be tried by a jury in whose selection he had a voice *(see, People v Page,* 72 NY2d 69, 73-74; *People v Rosa,* 138 AD2d 753, *lv denied* 72 NY2d 866; Judiciary Law § 518; CPL 270.15 [3]). We have reviewed the remaining errors alleged by the defendant and find them to be either unpreserved for appellate review, without merit, or harmless (CPL 470.05 [2]; *People v Contes,* 60 NY2d 620; *People v Holt,* 67 NY2d 819). Mangano, J. P., Thompson, Kunzeman and Eiber, JJ., concur.