■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES JACKSON, Appellant.—

On February 16, 1989, the trial of this proceeding commenced. Juror number 11, having commenced her service on February 9, 1989, had a professional commitment in her capacity as a television producer for the Today show, which required her presence at 6:00 P.M. on February 22, 1989. She informed the court that her commitment would be finished by 1:00 A.M. the following morning.

At 3:45 P.M. on February 22, 1989, the court commenced its charge to the jury. The previous day, the court first learned of the commitment of juror number 11. Immediately after completing its charge, the court informed counsel that juror number 11 had an evening commitment. The court conducted an inquiry on the record as to the extent and urgency of the juror's obligation. Thereafter, over objection of defense counsel, the court excused juror number 11 and substituted alternate juror number one in her stead.

We believe that under the circumstances, in light of the importance of appellant's constitutional right to trial by a jury in whose selection he has participated (People v Page, 72 NY2d 69; People v Buford, 69 NY2d 290), the trial court erred in discharging juror number 11. (See, CPL 270.35.) The better course would have been to adjourn the proceedings for the day before charging the jury. Given the finite ascertainable duration of juror number 11's commitment, the court exceeded its discretion when it discharged her. (See, People v Rosa, 138 AD2d 753.) Concur—Murphy, P. J., Sullivan, Carro and Rosenberger, JJ.