■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

---

WILLIAM BROWN, Appellant.—Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered August 10, 1989, convicting defendant, after trial by jury, of two counts of robbery in the second degree and sentencing him to concurrent, indeterminate terms of imprisonment of 3 to 9 years, to be served concurrently with a term of 1 to 3 years imposed under a separate indictment, unanimously reversed, on the law, and the matter remanded for a new trial.

The evidence at trial demonstrated that, in the late afternoon of January 27, 1989, complainant Manuel Rodriguez was walking down Fifth Avenue when he felt someone remove his wallet from his pocket and, upon immediately turning around, saw the defendant, who fled. As the complainant ran in pursuit of defendant, the codefendant Anthony Jones began to run along side of complainant and suddenly kicked him in the shin, apparently hoping to trip him. The chase, however, continued until the complainant was joined in pursuit by a police officer, who ultimately caught up with the two men and apprehended them.

There is no question that the defendant's guilt was proven by overwhelming evidence. In particular, we note that contrary to defendant's contention, the proof was clearly sufficient to establish that the complainant suffered physical injury, as required for defendant's conviction of robbery in the second degree pursuant to Penal Law § 160.10 (2) (a). When the objective evidence is sufficient to support a finding that an injury caused substantial pain, it is not necessary for the injured party to describe in detail the degree of pain felt. *(See, People v Rojas,* 61 NY2d 726, 727.) Here, the objective evidence included proof that, as a result of being kicked in the shin, the complainant suffered a one and a half to two inch bleeding cut, that his leg was bruised and swollen, causing him to limp, that the cut took over three weeks to heal, and that it left a permanent scar. This evidence, when coupled with the complainant's statement that he had suffered "some pain", was more than adequate to establish either "impairment of physical condition or substantial pain", as required by statute (Penal Law § 10.00 [9]).

Notwithstanding the weight and sufficiency of the evidence in support of the verdict, defendant's conviction must, nevertheless, be reversed because the court improperly discharged a juror after selection of the jury was completed. When the case was called for trial at 2:30 P.M. on the day following jury selection, the court was informed that one of the jurors had called in and advised that she could not be present that

afternoon because of a fire in her apartment, but that she would be available the following morning. Over defense objection, the court determined to substitute an alternate juror and proceed with the trial.

A defendant has a constitutional right to trial by a jury in whose selection he has participated. *(People v Page,* 72 NY2d 69.) Under the circumstances of this case, there was insufficient reason to refuse to delay the trial for what amounted to no more than two and a half hours in order to secure the presence of the duly selected juror who was involved in an emergency situation of limited duration, and we find that the juror was improperly discharged. (CPL 270.35; *People v Jackson,* 158 AD2d 397.) Although, according to the prosecutor, the complainant's employer suffered a financial loss when the complainant, a courier, was unable to work, there was no evidence or allegation showing that the complainant was actually scheduled for a trip which would have been disrupted by the brief delay. Indeed, the trial had previously been adjourned for the complaining witness' convenience and had been scheduled to commence on the date in question, to accommodate complainant's return from a trip to Peru. Thus, while the People's witness would have been caused some minimal inconvenience, there was no real question concerning the continued availability of this key witness *(see, People v Page, supra,* at 73), nor any other circumstance, which warranted the court's precipitous dismissal of the juror who would have been available for service on the following morning. Concur—Murphy, P. J., Milonas, Ellerin and Wallach, JJ.

Smith, J., concurs in a separate memorandum as follows: I concur in the reversal solely on the grounds that, prior to the substitution of the juror, the trial court did not make the required searching inquiry relating to the availability of a juror for continued service and to the effect of a temporary absence of a juror on the case as a whole. (CPL 270.35; *People v Page,* 72 NY2d 69 [1988]; *People v Washington,* 75 NY2d 740 [1989], *revg on dissenting opn of Carro, J.,* 151 AD2d 384, 385 [1989].)