(October 22, 1991)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL PEREZ, Appellant.—Judgment, Supreme Court, Bronx County (William Wallace III, J.), rendered March 16, 1989, convicting defendant, after a jury trial, of attempted assault

in the first degree, reckless endangerment in the first degree, and criminal possession of a weapon in the second degree, and sentencing him to concurrent indeterminate sentences of imprisonment of 2⅓ to 7 years, 2⅓ to 7 years and 3⅓ to 10 years respectively, unanimously reversed, on the law, and a new trial ordered.

On the fourth day of trial, the trial court discharged a juror, over defendant's objection, because she refused to appear for duty on Ash Wednesday, even though she expressed an interest in remaining as a juror, and agreed to resume her service on Thursday. An alternate juror was thereupon substituted, and the defendant was convicted as indicated above.

The brief period of unavailability resulting from the juror's religious observance was not a sufficient basis to deny defendant his constitutional right to be tried by a jury in whose selection he had a voice (People v Page, 72 NY2d 69, 73; People v Jackson, 149 AD2d 532), and did not constitute a disability resulting in incapacity or unavailability for continued service as contemplated by CPL 270.35 (People v Rosa, 138 AD2d 753, 755, lv denied 72 NY2d 866). Accordingly, on the facts in this case, the defendant's motion for a one-day adjournment should have been granted, and the juror should not have been discharged. Concur—Murphy, P. J., Carro, Rosenberger, Wallach and Ross, JJ.