■ The People of the State of New York, Respondent, v Mark Ray, Appellant.—Judgment, Supreme Court, New York County (Herbert I. Altman, J.), rendered December 1, 1989, convicting defendant after a jury trial, of rape in the first degree, kidnapping in the second degree, and attempted robbery in the first degree, and sentencing him to concurrent terms of imprisonment of 8-⅓ to 25 years for the rape and kidnapping convictions, and a consecutive term of imprisonment of 3 to 9 years for the attempted robbery conviction, unanimously affirmed.

On the first day of trial, a Monday, before the jury was brought into the courtroom to be issued opening instructions, a juror advised the court, by telephone, that he would be absent that day. The juror explained that his apartment and all of his belongings had been burned, and that he would probably not be able to return until at least Wednesday. He added however that he was not sure if he would be able return on that date. The defense attorney requested an adjournment until Wednesday arguing that the delay would be a small inconvenience. The trial court denied the adjournment and seated an alternate, noting that no proceedings had as yet taken place before the jury, and that there was no assurance the missing juror would be present on the adjourned date. Thereafter the jury was brought in, the alternate was seated and opening instructions were given by the court.

In this case, it was not an abuse of discretion to replace the sworn juror with an alternate. CPL 270.35, which provides, *inter alia,* that the trial court may dismiss a juror and replace him or her with an alternate if the juror is unavailable for continued service, "invests a trial court with latitude to make a balanced determination affecting the administration of justice * * * recognizing that criminal proceedings should not be unnecessarily or unfairly delayed" *(People v Page,* 72 NY2d 69, 73). Here, the lack of certainty that the juror would return within two days was a sufficient reason for his replacement, particularly in view of the trial posture of this matter. Concur —Milonas, J. P., Kupferman, Ross and Smith, JJ.