■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRITZ RICHARDS, Appellant.—Judgment, Supreme Court, New York County (Clifford Scott, J.), rendered May 16, 1990, convicting defendant, after a jury trial, of arson in the second degree, and sentencing him, as a persistent violent felony offender, to a term of imprisonment of 15 years to life, unanimously affirmed. Order of the same court, dated April 30, 1991, denying defendant's motion to vacate the judgment pursuant to CPL 440.10, unanimously affirmed.

The trial court did not abuse its discretion in discharging a juror who, prior to opening statements, telephoned the court's clerk to advise that her brother had just had a stroke and that she could not say when she would be able to return to court. Considering the preliminary stage of the proceedings, and the reason given by the juror for her absence, the length of which was unascertainable (see, People v Page, 72 NY2d 69, 73), the record is adequate to explain the trial court's exercise of discretion (see, People v Ray, 182 AD2d 387; People v Garry, 176 AD2d 145, lv denied 79 NY2d 827).

The People's good faith, but untimely disclosure, of a fire marshal's notebook that constituted Rosario material did not substantially prejudice defendant, and thus reversal is not warranted (People v Martinez, 71 NY2d 937; compare, People v Thompson, 71 NY2d 918). Disclosure was made prior to examination of the fire marshal, and the court offered defendant an opportunity to recall any other witnesses to the stand. The notes also duplicated evidence already available to defendant (People v Forrest, 163 AD2d 213, affd 78 NY2d 886).

Defendant failed to preserve for review by appropriate objection his contention that redirect examination of the fire marshal constituted elicitation of a prior consistent statement and bolstering (People v Holland, 174 AD2d 508, lv denied 78 NY2d 1011), and we decline to review in the interest of justice. If we were to review, we would note that defendant, by inquiring into a portion of the statement on cross-examination, opened the door for admission of the entire statement on redirect (People v Melendez, 55 NY2d 445, 452; People v Richardson, 127 AD2d 617).

Nor is reversal warranted on the basis of the People's good faith and diligent disclosure after trial of new information that one of the People's witnesses had two prior convictions

under different names, there being no reasonable possibility that the failure to disclose contributed to the verdict *(People v Vilardi,* 76 NY2d 67, 77). The witness was extensively cross-examined, his testimony corroborated by several other witnesses, and his credibility challenged during summation *(compare, People v Santiago,* 138 AD2d 327).

Finally, although the notice of defendant's statements was not technically in compliance with CPL 710.30, he received adequate notice of the nature and scope of his statements to be offered at trial, rendering the error harmless beyond a reasonable doubt. Concur—Sullivan, J. P., Milonas, Rosenberger, Wallach and Ross, JJ.