■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE D. HALEY, Appellant. [606 NYS2d 359] —Weiss, P. J. Appeal from a judgment of the County Court of Albany County (Sheridan, J.), rendered February 26, 1993, upon a verdict convicting defendant of the crimes of rape in the first degree and sodomy in the first degree.

Defendant was charged with two separate sexual attacks

upon a victim with whom he had cohabited. One attack occurred on February 25, 1992 and the other allegedly occurred approximately three weeks prior thereto. After trial defendant was found guilty of the two charges relating to the February 25, 1992 attack and acquitted of the charges relating to the earlier event.

On this appeal, defendant first contends that the prosecutor failed to diligently discover and disclose psychological treatments involving the victim. Initially, we note that when defense counsel inquired of the prosecutor, he indicated that he had information that the victim "may have been treated for a mental, physical, or emotional condition prior to the crimes" and requested such history. The prosecutor inquired and discovered no such treatment and then informed defense counsel that he had no knowledge of any such treatment. The prosecutor also suggested that if counsel could provide more specific information, he might be able to be of assistance.

At issue here is an evaluation of the victim required as part of her application for Supplemental Security Income (hereinafter SSI) assistance. Concededly, the People have a duty to disclose any material exculpatory information in their possession and evidence affecting the credibility of witnesses falls within the general rule (see, People v Cwikla, 46 NY2d 434, 441). However, the People cannot be faulted when their inquiry did not reveal the SSI evaluation (see, People v Diaz, 134 AD2d 445, 446, lv denied 71 NY2d 895). Here, the People did not withhold information and responded to the letter from defense counsel containing the inquiry about the victim's mental condition. In fact, defendant's brief on this appeal concedes that "[t]he mere fact that [the victim] was receiving Social Security benefits does not lead to the conclusion that she had undergone a psychological or psychiatric evaluation". County Court properly denied defendant's motion for a mistrial in the absence of any showing that the People withheld evidence. Nor did the court abuse its discretion in refusing to adjourn the trial when defendant's midtrial efforts to subpoena the medical records at issue proved unsuccessful. The court concluded that the defense was well aware of the victim's SSI status before the trial and had ample opportunity, but made no previous effort, to subpoena the SSI records which would have included the evaluation (see, People v Spears, 64 NY2d 698).

Defendant next contends that County Court abused its Sandoval discretion (People v Sandoval, 34 NY2d 371, 375) in that one event about which the People were permitted to

cross-examine defendant was 10 years old and involved violence against a woman, and the other event, an uncharged crime, also involved violence against a woman. The court reviewed several of defendant's prior acts and weighed their probative value on the issue of his credibility against the risk of unfair prejudice *(see, People v Williams,* 56 NY2d 236, 238-240). We find no abuse of discretion in permitting inquiry of the two acts while prohibiting mention of several others *(see, People v Bostwick,* 92 AD2d 697). Nor do we find that the court erred in limiting the cross-examination of the victim concerning her pregnancy at the time of the crimes *(see, People v Duffy,* 36 NY2d 258, 263, *cert denied* 423 US 861; *People v Schwartzman,* 24 NY2d 241, 244, *cert denied* 396 US 846; *see also, Matter of Devanand S.,* 188 AD2d 533).

Crew III, Cardona, White and Casey, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Albany County for further proceedings pursuant to CPL 460.50 (5).