THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMON MATTHEW, Appellant. [643 NYS2d 578]

As the People concede, it was error to summarily deny defendant's suppression motion. Defendant, as a passenger in a taxi cab, has a right to contest the stop of the vehicle and therefore to challenge any evidence seized as the fruit of an unlawful stop (*People v Millan*, 69 NY2d 514, 520). Since defendant alleges facts which, if accepted as true, are sufficient to establish that the taxi cab was stopped illegally, he is entitled to a hearing on the motion.

Defendant's contention that he was denied the right to trial

by a jury of his choice because the court replaced a juror whose father-in-law had just died with an alternate juror is devoid of merit. The provision permitting replacement of a juror who "is unavailable for continued service" (CPL 270.35) "is intended to serve the orderly, fair and prompt progress of a trial" (*People v Page*, 72 NY2d 69, 73). It "invests a trial court with latitude to make a balanced determination affecting the administration of justice based on the facts required to be adduced" (*supra*, at 73) which, in the circumstances of this case, include "a reasonable attempt to ascertain where the absent juror is, why the juror is absent, and when the juror will be present" (*supra*, at 73; Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 270.35, at 452-453).

Having learned that the juror would be absent for two days to attend the funeral and wake and ascertained that, due to scheduling constraints and upcoming religious holidays, the trial would be delayed for some six days, Supreme Court properly exercised its discretion to seat the alternate juror (*People v Sparrow*, 220 AD2d 321; *People v Mills*, 214 AD2d 423, *lv denied* 86 NY2d 844). Defendant contends that "discharge may be an appropriate option only when the juror's incapacity for continued service is not 'readily ascertainable at the time the issue of discharge arises,' or when the circumstances of the juror's unavailability render a reasonable accommodation difficult to fashion" (quoting *People v Rosa*, 138 AD2d 753, 755 [2d Dept, Mar. 28, 1988], *lv denied* 72 NY2d 866). However, the authority upon which defendant relies predates the Court of Appeals' controlling decision in *People v Page* (*supra* [July 7, 1988]) and stands for the additional, distinct proposition that a brief period of unavailability resulting from a juror's religious observance does not constitute a disability resulting in incapacity or unavailability for continued service within the contemplation of CPL 270.35 (*supra*), as recognized by more recent cases (*People v Perez*, 176 AD2d 592, 593 [improper discharge of juror for observance of Ash Wednesday]; *People v Jackson*, 149 AD2d 532, 533 [failure to grant half-day delay to accommodate Sabbath observer]).

The cases defendant cites do not support his theory that the court was required to accommodate the absent juror and delay the matter until it could be heard a week later. The bulk of the cases merely state the rule enunciated in *People v Page* (*supra*, at 73) that, before directing the substitution of an alternate juror, a court is required to conduct a reasonable inquiry regarding the circumstances of a juror's unavailability and state, on the record, the basis for the juror's replacement

(*e.g., People v Pegeise,* 195 AD2d 337 [discharge of juror in the absence of defendant and defense counsel]; *People v Davis,* 178 AD2d 424 [court declined to inquire if juror would be available later that day or on next trial date]; *People v Watkins,* 157 AD2d 301, 309 ["precipitous" discharge after "scant two hours"]; *People v Washington,* 151 AD2d 384, 386 [dissenting mem] [failure to call juror regarding obligation that "may well have required only one-half day's absence" is not " 'a reasonably thorough inquiry' "], *revd on dissenting mem* 75 NY2d 740; *People v Polhill,* 140 AD2d 462 [improper to discharge absent juror after 15 minutes without inquiry as to juror's whereabouts], *lv denied* 72 NY2d 923). While some support for defendant's contention that it is an abuse of discretion to direct substitution to avoid a very brief delay may be found in this Court's decision in *People v Brown* (175 AD2d 708, 710 [insufficient reason to refuse to delay trial "for what amounted to no more than two and a half hours"], *lv denied* 78 NY2d 1074), the concurring memorandum in that case notes that "the trial court did not make the required searching inquiry relating to the availability of a juror for continued service and to the effect of a temporary absence of a juror on the case as a whole" (*supra,* at 710 [Smith, J.]).

Defendant's observation that a court may direct substitution of a juror where the juror's continued availability, though brief, is not " 'readily ascertainable' " is valid (*People v Gordon,* 185 AD2d 199 [absent indication ill juror would soon recover, discharge was proper]; *People v Richards,* 184 AD2d 222 [length of absence of juror whose brother had just suffered a stroke was unascertainable], *lv denied* 80 NY2d 1029; *People v Ray,* 182 AD2d 387 [uncertainty that juror whose apartment burned would return in two days as indicated sufficient for discharge], *lv denied* 79 NY2d 1053; *People v Cook,* 176 AD2d 209 ["juror could not advise when she would be available"], *lv denied* 79 NY2d 825). The conclusion he draws from this observation—that substitution of a juror may *only* be directed when the juror's continued availability is unascertainable—is not. In *People v Robustelli* (189 AD2d 668, 669, *lv denied* 81 NY2d 975), this Court held that a juror whose presence on the Monday following "was probable though not certain", was properly discharged where the proceedings had already been adjourned for one and one half days and the jurors had " 'expressed anxiety about the duration of the trial' ".

The instant case involves circumstances similar to those of *People v Robustelli* (*supra*). On Monday, May 9, 1994, the court informed counsel that the absent juror could not be present

until Wednesday. Because of the court's calendar work, it was not possible to take testimony the previous Thursday or Friday. The court explained that it had promised the jurors that the case would be submitted to them on either Tuesday or Wednesday of that week, "which is why they didn't seek to be excused". The court later informed counsel that it would be observing the Jewish holidays on the following Monday and Tuesday, meaning that the case could not be submitted to the jury until May 23rd and that the two-day adjournment to permit the original juror to participate would result in the loss of six days of trial testimony. As no testimony had yet been taken, the stage of the trial is not a significant factor. Defense counsel participated in the selection of the alternate juror and, in view of other relevant circumstances set forth upon the record, we conclude that substitution of an alternate juror was within the court's discretion and that defendant's right to be tried by a jury in whose selection he had a voice was adequately safeguarded (*People v Page, supra*, at 73). Concur—Milonas, J. P., Ellerin, Rubin, Nardelli and Tom, JJ.