■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL LEAVY, Appellant. [736 NYS2d 681] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered October 23, 1998, convicting him of robbery in the second degree (two counts), attempted robbery in the second degree, criminal possession of a weapon in the third degree (four counts), and unlawful imprisonment in the first degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence adduced at trial was legally insufficient to sustain his conviction. Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant further contends that the People failed to disclose *Brady* material, such as evidence of promises of leniency given to a prosecution witness in an unrelated pending matter in exchange for favorable testimony, which impeaches the credibility of the witness whose testimony may be determinative of guilt or innocence (*see, Giglio v United States,* 405 US 150, 154; *Brady v Maryland,* 373 US 83). Even assuming that the promise of leniency constituted *Brady* material, the defendant's claim is without merit. Significantly, the defendant had the opportunity during the trial to cross-examine the witness using the allegedly exculpatory evidence. A defendant's constitutional right to a fair trial is not violated when, as here, he is given a meaningful opportunity to use the allegedly exculpatory material to cross-examine the People's witnesses or as evidence during his case (*see, People v Cortijo,* 70 NY2d 868; *People v Brown,* 67 NY2d 555, 559, *cert denied* 479 US 1093; *People v Barnes,* 200 AD2d 751, 752), or "when the defendant knew of, or should

reasonably have known of, the evidence and its exculpatory nature" (*People v Doshi,* 93 NY2d 499, 506).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Santucci, J.P., Smith, Crane and Cozier, JJ., concur.