■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ANTHONY BEVERLY, Appellant. [751 NYS2d 104] —Cardona, P.J. Appeal, by permission, from an order of the County Court of Albany County (Breslin, J.), entered January 17, 2002, which, inter alia, denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of burglary in first degree (three counts), robbery in the first degree (two counts), criminal use of a firearm in the first degree, assault in the first degree (two counts) and reckless endangerment in the first degree, without a hearing.

We previously affirmed defendant's judgment of conviction (220 AD2d 881, *lv denied* 87 NY2d 898) stemming from the May 1991 home invasion, robbery and shooting of Bruce Burden. At that time, four masked men, two of whom were armed, entered an apartment occupied by Burden looking for cocaine and money. They robbed Burden of $1,500 and shot

him, leaving him paralyzed from the waist down. Defendant and three codefendants were indicted and jointly tried.* Thereafter, only defendant, who had given an incriminating statement to the police, was convicted. Following an unsuccessful appeal from his judgment of conviction, defendant, through new appellate counsel, moved pursuant to CPL 440.10 to set aside that judgment contending, inter alia, that he was deprived of the effective assistance of counsel at trial. County Court denied that specific application, without a hearing, resulting in this appeal by permission.

Defendant contends that he was deprived of the effective assistance of counsel at trial because his attorney, inter alia, failed to vigorously cross-examine Albany Police Detective Kenneth Kennedy to expose the alleged coercive circumstances surrounding his interrogation and failed to call Gary Nicholson to testify how he was forced by Kennedy, through physical coercion, to falsely incriminate himself in the crimes. Initially, we note that the trial record and submissions on the motion are sufficient to permit determination of defendant's ineffective assistance of counsel claim without the necessity of a hearing (see CPL 440.30 [2]; *People v Satterfield*, 66 NY2d 796, 799). In his direct testimony, Kennedy recounted that on October 26, 1991, defendant was brought to the police station. There, after waiving his *Miranda* rights, defendant agreed to speak with Kennedy and signed an incriminating statement. Kennedy read a redacted version of that statement to the jury. In it, defendant admitted that he and other unnamed individuals entered Burden's apartment without permission to "rip off" Burden for drugs. He indicated that he wore a ski mask and stayed in the kitchen. After another individual went upstairs, defendant heard a gun shot and ran out the back door hiding in the woods.

Kennedy further testified that he took a statement from Nicholson but eliminated him as a suspect because, at the time of the interview, Nicholson was intoxicated and Kennedy made a judgment that he was simply repeating information he had heard from other people. Three days before Kennedy testified, Nicholson signed a handwritten affidavit, prepared by defendant's attorney and witnessed by a codefendant's attorney, indicating that he falsely incriminated himself after Kennedy struck him in the face so hard that he almost fell to the floor. Nicholson further stated that another officer shoved him into a wall and both officers screamed at him.

Defendant's trial attorney, who submitted an affirmation in

* Justice Joseph Harris, who presided over the trial, is now deceased.

support of defendant's CPL 440.10 motion, indicates that he knew of his client's contention that Kennedy had physically and verbally intimidated him, but failed to cross-examine Kennedy about his interrogations of defendant and Nicholson and failed to call Nicholson as a witness. He admits that he yielded to pressure from the codefendants' attorneys not to conduct a vigorous cross-examination of Kennedy out of fear of opening the door to certain testimony harmful to their clients. Defendant's trial attorney candidly acknowledges that his failures to cross-examine Kennedy about the coercive aspects of the interrogations of defendant and Nicholson and the failure to call Nicholson as a witness rendered his challenge to the voluntariness of defendant's statement before the jury ineffective. He characterizes these omissions as error, not trial strategy. In addition, the attorney who represented codefendant Scottie Lanier confirms by affidavit that defendant's trial counsel was pressured by the other attorneys to limit his cross-examination of Kennedy.

Under all the circumstances herein, we find that defendant did not receive the effective assistance of counsel. It is well established that "[t]he right to effective assistance of counsel encompasses the right to conflict-free counsel" (*People v Ortiz*, 76 NY2d 652, 656; *see People v McLean*, 243 AD2d 756, 757, *lv denied* 91 NY2d 928). It requires that "counsel's devotion to a client's interests will be ' "single-minded" ' " (*People v Ortiz*, *supra* at 656, quoting *People v Darby*, 75 NY2d 449, 454; *see People v McLean*, *supra* at 757). Although these concepts are most often at play in the context of simultaneous or successive client representations, they are, in our view, equally applicable to the circumstances of this case where counsel's performance, objectively evaluated, reveals that divided loyalties created a conflict which " 'operated on' " the proper representation of his client (*People v Ortiz*, *supra* at 657, quoting *People v Alicea*, 61 NY2d 23, 31; *see People v Longtin*, 92 NY2d 640, 644 *cert denied* 526 US 1114).

By acquitting the three other codefendants, particularly Lanier, it certainly appears that the jury did not credit the victim's identification testimony that he recognized defendant and Lanier as two of the assailants when he pulled their masks off during the scuffle. No other physical or forensic evidence connected defendant to the crimes. Furthermore, the trial record contains several instances where some of the People's witnesses were not forthright or lied in their statements to the police, undercutting their credibility. Under these circumstances, it was crucial for defendant's attorney to pursue his initial

expressed trial strategy of mounting a full challenge to the voluntariness of defendant's statement to persuade the jury to disregard it. His divided loyalties created the conflict which deprived defendant of his right to the effective assistance of counsel, requiring a new trial.

We need not address defendant's remaining contentions.

Peters, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, motion pursuant to CPL 440.10 granted, judgment of conviction vacated and matter remitted to the County Court of Albany County for a new trial.