■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN WARREN, Appellant. [758 NYS2d 127] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (West, J.), rendered January 10, 2001, convicting him of murder in the second degree, attempted robbery in the first degree (two counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his judgment of conviction should be reversed based upon the late disclosure of *Brady* material (*see Brady v Maryland,* 373 US 83 [1963]). The record demonstrates that the material at issue was turned over to the defendant well before opening statements and in sufficient time for him to use it in a meaningful fashion during the cross-examination of the People's witnesses or as evidence during his

case. The defendant's attorney had an opportunity to interview the only witness who actually observed the perpetrators as they fled from the jewelry store after shots were fired. The defendant elected not to call him as a witness. Additionally, the Supreme Court permitted liberal cross-examination of the prosecution's witnesses on the issue of identifications made by others. Thus, the prosecution's late disclosure of *Brady* material did not deprive the defendant of an opportunity to prepare a defense (*see People v Cortijo,* 70 NY2d 868, 870 [1987]; *People v Hoover,* 248 AD2d 728 [1998]).

The defendant's remaining contention is unpreserved for appellate review (*see People v Gray,* 86 NY2d 10 [1995]), and, in any event, is without merit (*see People v Aska,* 91 NY2d 979, 981 [1998]; *People v Scarola,* 71 NY2d 769, 777 [1988]; *People v Mirenda,* 23 NY2d 439, 453 [1969]; *People v Gonzalez,* 199 AD2d 412 [1993]; *People v Sandy,* 187 AD2d 466 [1992]; *People v Craig,* 155 AD2d 550 [1989]; *People v Dinkins,* 139 AD2d 759 [1988]). Altman, J.P., Smith, McGinity and Crane, JJ., concur.