■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NIGEL K. CLARKE, Also Known as Bo, Appellant. [772 NYS2d 630]—

Lahtinen, J. Appeals (1) from a judgment of the County Court of Columbia County (Leaman, J.), rendered October 5, 2000, upon a verdict convicting defendant of the crimes of murder in the second degree and criminal possession of a weapon in the second degree, and (2) by permission, from an order of said court, entered July 19, 2002, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Cameron Knight and Michael Merritt were changing a car tire on a street in the City of Hudson, Columbia County, when another vehicle, which had three occupants, approached and stopped. Defendant allegedly exited the vehicle, approached Knight and, after a brief skirmish, shot him several times with a handgun. Knight died as a result of the gunshot wounds. As defendant started to flee the scene in the vehicle, one of the vehicle's occupants, Kevin Francis, expressed concern about what had occurred. Defendant allegedly stopped the vehicle, pointed the gun at Francis and ordered him out of the vehicle. Defendant was subsequently apprehended in Bronx County and was indicted for intentional murder in the second degree (see Penal Law § 125.25 [1]), depraved indifference murder in the second degree (see Penal Law § 125.25 [2]) and criminal possession of a weapon in the second degree (see Penal Law § 265.03). Following a jury trial, he was convicted of intentional murder and criminal possession of a weapon. He was sentenced to concurrent prison terms of 25 years to life for murder and 15 years for criminal possession of a weapon. His motion to vacate the conviction pursuant to CPL 440.10 was denied without a hearing. He appeals the judgment of conviction and, by permission, the denial of the CPL 440.10 motion.

Defendant initially argues that the prosecution committed a *Brady* violation by failing to turn over a composite sketch and informing him that Andrea Martin, the witness who provided the description for the composite sketch, was later unable to identify defendant in a photo array. The prosecution is required to provide defendant with material exculpatory evidence in its

possession, including evidence affecting a witness's credibility (*see People v Baxley*, 84 NY2d 208, 213 [1994]; *People v Cwikla*, 46 NY2d 434, 441 [1979]; *People v Haley*, 199 AD2d 863, 864 [1993]). Defendant learned of the relevant information regarding Martin at a suppression hearing held more than a week before the trial commenced. At the trial, neither the prosecution nor defendant elected to call Martin as a witness. In light of the fact that Martin was not called at trial and the information was provided in sufficient time to allow defendant to make meaningful use of the evidence, the prosecution's failure to turn over the information earlier did not deprive defendant of a fair trial (*see People v Cortijo*, 70 NY2d 868, 870 [1987]; *People v Warren*, 304 AD2d 594, 594-595 [2003], *lv denied* 100 NY2d 625 [2003]; *People v Leavy*, 290 AD2d 516, 516 [2002], *lv denied* 98 NY2d 698 [2002]).

Next, defendant challenges County Court's *Sandoval* ruling, which he states influenced his decision not to testify. The determination regarding the extent to which a defendant can be cross-examined concerning prior crimes or bad acts incorporates a balancing of many factors, including the probative value of the evidence weighed against the risk of unfair prejudice, and such determination rests largely in the discretion of the trial court (*see People v Hayes*, 97 NY2d 203, 207 [2002]; *People v Long*, 269 AD2d 694, 695 [2000], *lv denied* 94 NY2d 950 [2000]). Here, the People sought to use, in the event that defendant testified, a 1990 conviction for possession of cocaine, a 1994 conviction for attempted criminal sale of a controlled substance and various uncharged prior bad acts. County Court precluded use of any prior uncharged acts or of the 1990 conviction, but ruled that the People could cross-examine defendant regarding the 1994 conviction. Defendant's assertion that the 1994 conviction was similar to the charged crimes is meritless since no proof was offered that the murder was drug-related. Moreover, County Court did not abuse its discretion in rejecting defendant's suggestion that reference to the 1994 conviction be limited to stating that it was a felony without naming the actual crime (*see People v Hayes, supra* at 208). We are unpersuaded that County Court's *Sandoval* ruling was an inappropriate exercise of its discretion under the facts and circumstances of this case.

Nor are we persuaded that County Court violated the *Ventimiglia* requirements in ruling that the People could introduce as part of their case evidence that defendant pointed a gun at Francis during their dialogue in the vehicle following the shooting of Knight. This occurred very shortly after the shooting and

it was part of the continuity of events comprising the complete picture of what transpired (*see People v Till*, 87 NY2d 835, 836-837 [1995]; *People v Jeanty [Johnson] [Black] [Bernard]*, 268 AD2d 675, 679 [2000], *lvs denied* 94 NY2d 945, 949 [2000]; *People v Currus*, 266 AD2d 468 [1999], *lv denied* 94 NY2d 902 [2000]). Moreover, it was direct evidence regarding an element of the criminal possession of a weapon charge.

Next, defendant contends that he was denied the effective assistance of counsel because his trial counsel did not challenge his "sham" arrest and failed to object to the racial composition of the jury. Defendant's arrest was based on an outstanding bench warrant for a probation violation and "cannot be characterized as a 'sham' merely because, after he was taken into custody, the police were more interested in questioning him about a different and graver crime" (*People v Fulton*, 257 AD2d 774, 775 [1999], *lv denied* 93 NY2d 1018 [1999]; *see People v Hawes*, 298 AD2d 706, 707 [2002], *lv denied* 99 NY2d 582 [2003]). With respect to the racial composition of the jury, defense counsel explored the issue of bias with prospective jurors and there was no showing that the manner in which the jury pool was established was inconsistent with "the requirements of the judiciary law in the drawing or return of the panel as to result in substantial prejudice" (CPL 270.10 [1]; *see People v Williams*, 256 AD2d 661, 662-663 [1998], *lv denied* 93 NY2d 981 [1999]). Review of the record reveals that defense counsel made appropriate motions, vigorously objected to evidence and effectively cross-examined witnesses. We are unpersuaded that defendant established that his attorney's representation was not meaningful (*see People v Taylor*, 1 NY3d 174 [2003]; *People v Rivera*, 71 NY2d 705, 708-709 [1988]). Since the record and the submissions in the CPL 440.10 motion were sufficient for review of these issues, County Court did not err in denying defendant's motion without a hearing (*see People v Beverly*, 299 AD2d 744, 745 [2002], *lv denied* 99 NY2d 652 [2003]).

Finally, in light of the nature of the crime, we are unconvinced by defendant's contention that the sentence was harsh and excessive or should otherwise be modified. There is no proof that County Court abused its discretion and there are no extraordinary circumstances warranting a reduction of the sentence (*see People v Donaldson*, 1 AD3d 800, 801 [2003]; *People v Owens*, 306 AD2d 760, 760-761 [2003]).

Mercure, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment and order are affirmed.