(July 19, 2007)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN LOPEZ, Appellant. [839 NYS2d 343]—

Crew III, J. Appeal from a judgment of the County Court of Delaware County (Becker, J.), rendered January 9, 2006, upon a

verdict convicting defendant of the crimes of robbery in the second degree and menacing in the second degree.

On January 7, 2005, State Police investigators arrested defendant on a bench warrant issued by a local criminal court in Albany County. Following his arrest, defendant was questioned about his involvement in an unrelated robbery in Delaware County. Based upon defendant's inculpatory statements, he was arrested and processed for that robbery. Following his indictment, defendant was convicted of robbery in the second degree and menacing in the second degree and sentenced, as a persistent felony offender, to 15 years to life in prison. Defendant now appeals.

Defendant claims that his convictions should be reversed inasmuch as there existed no probable cause for his arrest for robbery and his arrest on the bench warrant was a pretext to question him about the robbery. We disagree. It has long been the law that a lawful arrest does not violate a defendant's Fourth Amendment rights merely because, at the time of the arrest, the arresting officers were intent upon questioning the defendant about an unrelated and far more serious crime (see e.g. People v Clarke [Bo], 5 AD3d 807, 810 [2004], lvs denied 2 NY3d 796, 797 [2004]).

We likewise reject defendant's assertion that his Sixth Amendment rights were violated. The record reflects that, at the time of his arrest on the local court bench warrant, defendant was not represented by counsel and, thus, the police were free to question defendant on matters unrelated to that offense (see People v Vaughn, 275 AD2d 484, 489 [2000], lv denied 96 NY2d 788 [2001]). We have considered defendant's remaining arguments and find them equally unavailing.

Cardona, P.J., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.