People v Alleyne (2020 NY Slip Op 00154)





People v Alleyne


2020 NY Slip Op 00154


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2015-01726
 (Ind. No. 883/13)

[*1]The People of the State of New York, respondent,
v
Dwayne Alleyne, appellant.


Janet E. Sabel, New York, NY (Ellen Dille of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Andrew S. Durham of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mark Dwyer, J.), rendered February 3, 2015, convicting him of assault in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new trial.
The defendant was charged with assault in the first degree, assault in the second degree, assault in the third degree, and criminal possession of a weapon in the fourth degree. The case proceeded to a jury trial, and, after both sides had rested but before summations, the Supreme Court, over the defendant's objection, excused juror No. 10 and replaced her with an alternate on the basis that juror No. 10 had to travel to Maryland for an evening work obligation the next day, which was a Friday. The day after the alternate was substituted, the jury found the defendant guilty of assault in the first degree and criminal possession of a weapon in the fourth degree. Thereafter, the court imposed sentence. The defendant appeals.
A defendant has a constitutional right to a trial by a particular jury chosen according to the law, in whose selection the defendant has had a voice (see People v Jeanty , 94 NY2d 507, 517). The right to trial by jury guarantee "embraces the decision whether to replace a juror in certain aspects that are fundamental to the fair and orderly administration of the fact-finding process" (id. ). "If at any time after the trial jury has been sworn and before the rendition of its verdict, a juror is unable to continue serving by reason of illness or other incapacity, or for any other reason is unavailable for continued service, . . . the court must discharge such juror" (CPL 270.35[1]).
Here, contrary to the Supreme Court's determination, the defendant's statutory and constitutional rights were violated when, over the defendant's objection, the court excused Juror No. 10 and substituted an alternate juror. The record does not demonstrate that Juror No. 10 was unavailable as that term is used in CPL 270.35 (see People v Thomas , 147 AD2d 598, 598; People v Rosa , 138 AD2d 753, 755). Juror No. 10's work obligation did not render her unavailable for jury service, as her own convenience or potential financial hardship are insufficient to render her [*2]unavailable under CPL 270.35 (see People v Thomas , 147 AD2d at 599; see also People v Bunch , 278 AD2d 501, 502). Moreover, the People's contention that Juror No. 10 may have been distracted over her work conflict had she not been excused or may not have appeared on the following Monday is pure speculation without support in the record (see People v Page , 72 NY2d 69, 74; see generally People v Jackson , 149 AD2d 532, 533).
Although the objectives of maintaining calendar control and otherwise ensuring the efficient resolution of the court's business are laudable goals, under the facts of this case, minor scheduling difficulties, including any brief delay which may have ensued had Juror No. 10's schedule been accommodated, are not meaningful counterweights to the defendant's constitutional right to trial by a jury in whose selection he has participated (see People v Jackson , 149 AD2d at 533; People v Rosa , 138 AD2d at 755).
Accordingly, since the defendant's statutory and constitutional rights were violated when Juror No. 10 was excused and an alternate juror was substituted, we reverse the judgment and remit the matter to the Supreme Court, Kings County, for a new trial.
In light of our determination, we need not reach the defendant's remaining contention.
RIVERA, J.P., AUSTIN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court