People v Dumervil (2022 NY Slip Op 03249)





People v Dumervil


2022 NY Slip Op 03249


Decided on May 18, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.


2017-08675
 (Ind. No. 15/16)

[*1]The People of the State of New York, respondent,
v
Ricardy Dumervil, appellant.


Patricia Pazner, New York, NY (Joshua M. Levine of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Sharon Y. Brodt, and Roni C. Piplani of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Michael B. Aloise, J.), rendered July 27, 2017, convicting him of sex trafficking (two counts), promoting prostitution in the second degree (two counts), and promoting prostitution in the third degree (three counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was deprived of his right to a trial by jury because the Supreme Court discharged a juror prior to the taking of testimony is without merit. "A defendant has a constitutional right to a trial by a particular jury chosen according to the law, in whose selection the defendant has had a voice" (People v Alleyne, 179 AD3d 712, 713; see People v Jeanty, 94 NY2d 507, 516). However, "[i]f at any time after the trial jury has been sworn and before the rendition of its verdict, a juror is unable to continue serving by reason of illness or other incapacity, or for any other reason is unavailable for continued service, . . . the court must discharge such juror" (CPL 270.35[1]; see People v Alleyne, 179 AD3d at 713). Furthermore, "[i]f such juror fails to appear, or if the court determines that there is no reasonable likelihood such juror will be appearing, in court within two hours of the time set by the court for the trial to resume, the court may presume such juror is unavailable for continued service and may discharge such juror" (CPL 270.35[2][a]; see People v Thompson, 173 AD3d 1068, 1070).
Here, after the jury had been sworn, the juror in question informed the Supreme Court that she had to attend a medical appointment with her son on a date that would interfere with her jury [*2]service. On the date in question, the juror confirmed that she had to leave court at noon to attend the appointment. The court properly inquired into the reason for the juror's unavailability and determined that she was, effectively, unavailable on the date set by the court for continuation of the trial (see CPL 270.35[2][a]; People v Jeanty, 94 NY2d 507). Furthermore, contrary to the defendant's contention, the "'replacement [of a sworn juror] with an alternate juror is not, as a rule, a violation of the right to trial by jury' as 'there is no material distinction between the regular and alternate jurors'" (People v Vazquez, 82 AD3d 1273, 1275, quoting People v Ballard, 51 AD3d 1034, 1036; see People v Jeanty, 94 NY2d at 518), and thus his contention that the juror's replacement violated his constitutional right to a trial by jury is without merit (see People v Jeanty, 94 NY2d at 517; People v Ballard, 51 AD3d at 1035-1036).
There is no merit to the defendant's contention that he is entitled to a new trial because the People's one-day delay in disclosing the testifying complainant's history of using medication for bipolar disorder and ADHD constituted a Brady violation (see Brady v Maryland (373 US 83). The information was provided in time for defense counsel to utilize it to cross-examine that complainant (see People v Sicilianonunez, 172 AD3d 912, 914; People v Gomez, 135 AD3d 954, 956), and cross-examination did not reveal that the medication had any effect on the complainant's perceptions or ability to recall (see generally People v McCray, 23 NY3d 193, 199; People v Rensing, 14 NY2d 210, 212-214). Thus, there is no reasonable possibility that earlier disclosure might have led to a different outcome at trial (see People v Fuentes, 12 NY3d 259, 264; People v McClinton, 180 AD3d 712, 713). Furthermore, the Supreme Court offered the defendant accommodations to prepare his cross-examination of the testifying complainant upon learning of the information in question, and therefore, the defendant was afforded an opportunity to use the information (see People v McClinton, 180 AD3d at 713; People v Warren, 304 AD2d 594, 595).
The defendant's contention that certain comments by the prosecutor during summation were improper and made the prosecutor into an unsworn witness is unpreserved for appellate review (see CPL 470.05[2]). In any event, counsel is to be afforded the widest latitude in making summation arguments and has the right "to comment upon every pertinent matter of fact bearing upon the questions the jury have to decide," as long as counsel stays within the "four corners of the evidence" (People v Ashwal, 39 NY2d 105, 109 [internal quotation marks omitted]). Here, most of the challenged comments were a fair response to defense counsel's summation (see People v Gurdon, 153 AD3d 1430, 1431; People v Thomas, 143 AD3d 1006, 1007), or fair comment on the evidence and the inferences to be drawn from the evidence (see People v White, 5 AD3d 511). To the extent the comments exceeded the bounds of permissible rhetoric, the comments were isolated and were not so flagrant or pervasive as to have deprived the defendant of a fair trial (see People v Williams, 201 AD3d 969; People v Rodriguez, 199 AD3d 838, 840).
Contrary to the defendant's contention, he was not entitled to a missing witness charge with respect to one of the complainants. The People demonstrated that the complainant could not be located despite diligent police efforts, thereby establishing her unavailability to testify (see People v Ortiz, 170 AD3d 892, 893; People v Flowers, 275 AD2d 329, 330).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
DILLON, J.P., DUFFY, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court