People v Morales (2026 NY Slip Op 01382)

People v Morales

2026 NY Slip Op 01382

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2022-02952
 (Ind. No. 108/20)

[*1]The People of the State of New York, respondent,
vRaymond Morales, appellant.

Patricia Pazner, New York, NY (Brian Perbix of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, Ronald Eniclerico, and Jonathan Maseng of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Michelle A. Johnson, J.), rendered April 4, 2022, convicting him of robbery in the first degree (two counts), assault in the first degree, criminal possession of a weapon in the third degree, and menacing in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the Supreme Court improperly limited cross-examination of a complaining witness regarding the witness's midtrial request for an interpreter is without merit. "The scope of cross-examination is within the sound discretion of the trial court, which may limit cross-examination when questions are irrelevant, concern collateral issues, or risk misleading the jury" (People v Kelson, 218 AD3d 491, 492; see People v Parris, 244 AD3d 1005; People v Cooper, 239 AD3d 991, 994). Here, the court providently exercised its discretion in limiting defense counsel's proposed line of cross-examination, as it was "designed to attack [the witness's] general credibility, rather than an attempt to establish a specific motive to fabricate or to establish the untruthfulness of his testimony with respect to the specific events of the crime charged" (People v Elmore, 175 AD3d 1423, 1423 [citations and internal quotation marks omitted]; see People v Williamson, 77 AD3d 1183, 1184). To the extent the defendant contends that limiting his cross-examination deprived him of his constitutional right to confront witnesses, this contention is unpreserved for appellate review, as the defendant did not assert a constitutional challenge at trial (see People v Brown, 220 AD3d 802, 803). In any event, the defendant's contention is without merit (see People v Parris, 244 AD3d 1005, 1006).
The Supreme Court also providently exercised its discretion in permitting the People to present a video recording of the defendant's arrest taken from a police officer's body camera. Contrary to the defendant's contention, to the extent certain portions of the video recording required a foundation for admission pursuant to CPL 60.25, an adequate foundation was provided (see People v Hernandez, 154 AD2d 197, 200-202; see also People v Miley, 229 AD3d 969, 973-974). Furthermore, statements made by a complaining witness in the video did not constitute inadmissible hearsay, as they were offered for the nonhearsay purpose of establishing the reasons behind the police action and the sequence of events leading to the defendant's arrest (see People v Torres, 243 [*2]AD3d 813, 813-814; People v Iwanczyk, 151 AD3d 745, 746).
Contrary to the defendant's contention, he was not deprived of a fair trial by certain remarks made by the prosecutor in summation. Most of the challenged remarks were a fair response to defense counsel's summation or fair comment on the evidence and the inferences to be drawn from the evidence (see People v Flowers, 213 AD3d 692, 693; People v Dumervil, 205 AD3d 923, 925). To the extent the remarks exceeded the bounds of permissible rhetoric, they were not so flagrant or pervasive as to have deprived the defendant of a fair trial (see People v Dumervil, 205 AD3d at 925; People v Davis, 178 AD3d 946, 947-948).
The defendant's contention that the prosecutor made an inflammatory remark during her opening statement is unpreserved for appellate review (see People v Sepulveda, 52 AD3d 539, 540), as is the defendant's contention that his sentence as a second felony offender (see Penal Law § 70.06) was unconstitutional (see CPL 470.05; Erlinger v United States, 602 US 821). We decline to reach these issues in the exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]; People v Profit, 237 AD3d 752, 753).
The defendant's remaining contentions are without merit.
DILLON, J.P., DOWLING, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court