■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEE APPLEWHITE, Appellant. [608 NYS2d 634] —Judgment, Supreme Court, New York County (Felice K. Shea, J.), rendered May 8, 1992, convicting defendant, after a nonjury trial, of

two counts of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), we find that the evidence was sufficient as a matter of law to support the verdict. Moreover, upon an independent review of the facts, we find that the verdict is not against the weight of the evidence *(People v Bleakley,* 69 NY2d 490). The issues raised by defendant concerning the credibility of the prosecution's police witness, including inconsistencies in his testimony, the fact that no drugs or money were found on defendant's person at the time of arrest, and the testimony of the two accused buyers that defendant was not the person who had sold them drugs, were properly before the fact finder and, after considering the relative force of the conflicting testimony and the competing inferences that may be drawn therefrom, we find no reason on the record before us to disturb the court's determination.

The stationhouse identification of defendant was confirmatory in nature, made as it was by a trained police officer within 30 minutes after having observed defendant selling drugs, an observation made with binoculars for 5 to 7 minutes without interruption or obstruction, and thus properly admitted *(see, People v Francis,* 139 AD2d 527, 528, *lv denied* 72 NY2d 859).

Nor was it error to allow this police witness to briefly testify as an expert about the practices and patterns of 2 and 3 person drug-selling teams in order to explain why no drugs or money were found on defendant at the time of arrest *(see, People v Matos,* 165 AD2d 767, 768, *lv denied* 76 NY2d 988). Concur—Sullivan, J. P., Carro, Ellerin, Wallach and Nardelli, JJ.