■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH REED, Appellant. [626 NYS2d 765] —Judgment, Supreme Court, New York County (Juanita Bing Newton, J., at hearing; Ronald A. Zweibel, J., at trial and sentence), rendered June 1, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and sentencing him to a term of 4½ to 9 years, unanimously affirmed.

Defendant's contention that the jury, both during the prosecutor's opening statement and at trial, was improperly informed that he had engaged in uncharged drug sales and, thus, he was deprived of a fair trial when the court refused to grant him a mistrial is without merit. Defendant was originally charged not only with the sale of drugs to one Pinkney but also with third degree criminal possession, which requires that there be an intent to sell. It is settled that proof of other contemporaneous drug sales may be offered to establish a defendant's intent to sell the substances that he is accused of having possessed *(People v Alvino,* 71 NY2d 233, 245-247). Moreover, the defense attempted to convince the jury that defendant's apprehension was the product of confusion on the street, and evidence of uncharged crimes may be introduced to show the accused's identity as the person who has been committed for a particular offense *(People v Carter,* 77 NY2d 95, 107, *cert denied* 499 US 967). In any event, the Judge advised the jury to disregard any mention of a sale to another named individual, and the jury is presumed to understand and follow curative instructions *(People v Berg,* 59 NY2d 294, 299-300).

Defendant also maintains that it was reversible error for the court to permit an undercover to testify, as an expert, about street-level drug deals, urging that the transaction herein was a simple observation sale case in which no ambiguities existed to warrant expert testimony. However, the admis-

sibility and relevance of testimony, including that by an expert witness, is a matter for the sound discretion of the trial court *(People v Aphaylath,* 68 NY2d 945). Contrary to the contention by defendant that New York jurors are so familiar with the mechanics of drug dealing that they do not need an expert to enlighten them as to such a matter as a drug sale, courts have consistently allowed expert testimony as to the intricacies of drug transactions *(see, People v Kelsey,* 194 AD2d 248). When defendant was apprehended he was not in possession of any drugs, and this Court has previously held that testimony concerning the various roles in a typical street-level drug operation is relevant and admissible to explain why a dealer is not carrying drug "stash" when he is arrested *(People v Williams,* 204 AD2d 183, *lv granted* 84 NY2d 834; *People v Applewhite,* 202 AD2d 250, *lv denied* 83 NY2d 868).

Finally, defendant protests the closure of the courtroom during the appearance of the undercover officer. The court, however, conducted a hearing pursuant to *People v Hinton* (31 NY2d 71, *cert denied* 410 US 911), and made a fact finding that closure was required to protect the officer's safety. Nothing in *People v Martinez* (82 NY2d 436), relied upon by defendant, supports his position that the Trial Judge abused his discretion herein since the clear danger posed by an undercover officer's continuing active involvement in street investigations has been consistently recognized as a compelling reason for excluding the public from the courtroom *(see, e.g., People v Richards,* 157 AD2d 753, *affd* 77 NY2d 969; *People v Ayala,* 202 AD2d 262, *lv denied* 83 NY2d 908). Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Asch, JJ.