■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AGRIDO BOLIDO, Appellant. [637 NYS2d 363] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered December 21, 1993, convicting defendant, after jury trial, of criminal possession of a controlled substance in the third and fourth degrees, and sentencing him, as a second felony offender, to concurrent terms of $7^1/2$ to 15 years and 3 to 6 years, respectively, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence imposed on the conviction for criminal possession of a controlled substance in the third degree to a term of 5 to 10 years and otherwise affirmed.

Defendant did not preserve by appropriate objection his current claims of error regarding the hearing court's denial of his suppression motion (People v Martin, 50 NY2d 1029, 1031). In any event, the record supports the hearing court's determination that defendant's action in dropping the bags containing the drugs after noting the mere presence of the police officers, who approached defendant based upon probable cause to arrest him for observed drug transactions, constituted a voluntary abandonment of the contraband (see, People v Shepherd, 197 AD2d 393).

The trial court properly permitted the arresting officer to testify that in his experience the two different drugs recovered herein were commonly sold together, as evidence relevant to the contested issue of whether defendant had in fact possessed

both drugs (see, *People v Applewhite*, 202 AD2d 250, 251, *lv denied* 83 NY2d 868). Contrary to defendant's argument, the testimony did not suggest that defendant was involved in a large-scale drug operation and any possible prejudice to defendant was cured by the court's immediate instruction regarding the limited purpose of the testimony. It is presumed that the jury understood and followed the court's instruction (*People v Davis*, 58 NY2d 1102).

We find the sentence imposed on the conviction for criminal possession of a controlled substance in the third degree to be excessive to the extent indicated. We have considered defendant's remaining contentions and find them to be unpreserved and without merit. Concur—Rosenberger, J. P., Ellerin, Nardelli, Williams and Tom, JJ.