■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT TUCKER, Appellant. [644 NYS2d 714]

Defendant's right to a public trial was not violated by the court's partial closure of the courtroom during the testimony of the "ghost" undercover officer. In a hearing held pursuant to *People v Hinton* (31 NY2d 71, *cert denied* 410 US 911), the officer's testimony established that he expected to return to the specific area of defendant's arrest in an undercover capacity, that he still had pending cases from prior arrests made in that area, and that he feared for his own safety and that of other undercover officers if his identity were known (*see, People v Martinez*, 82 NY2d 436, 440, 443; *People v Reed*, 215 AD2d 209, 210, *lv denied* 86 NY2d 801). We note that the court permitted defendant's family to remain in the courtroom, gave counsel an opportunity to suggest alternatives to closure, and carefully placed its ruling on the record (*see, People v Martinez, supra*, at 444, citing *Waller v Georgia*, 467 US 39, 48).

Defendant's challenges to portions of the prosecutor's summation are unpreserved for appellate review (*see, People v Balls*, 69 NY2d 641), and we decline to review them in the interest of justice.

We have reviewed defendant's multifaceted argument that he was denied the effective assistance of counsel, and upon this record, we conclude that defendant was afforded meaningful representation (*see, People v Baldi*, 54 NY2d 137, 146-147). Concur—Murphy, P. J., Rosenberger, Rubin and Williams, JJ.