THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JANE LOPEZ, Appellant. [795 NYS2d 6]—

Judgment, Supreme Court, Bronx County (Robert Straus, J.), rendered November 1, 2002, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing her to 2 to 6 years, unanimously affirmed.

Initially, we find that the trial court properly denied defendant's request for an agency charge as there was no reasonable view of the evidence, viewed in the light most favorable to defendant, to support the conclusion that defendant acted solely on behalf of the purchasing undercover officer (*see People v Herring*, 83 NY2d 780, 782 [1994]; *People v Brown*, 6 AD3d 358, 359 [2004], *lv denied* 3 NY3d 671 [2004]). Here, defendant specifically testified that she did not know the undercover officer and purchased the crack cocaine for him because she was "desperate," wanted to get "high," and expected the officer to "take care of [her]" after the purchase. Defendant's testimony also indicated that she had acted as a go-between before, as she stated that she had previously purchased drugs for other people in exchange for part of the contraband (*see People v Roche*, 45 NY2d 78, 83 [1978], *cert denied* 439 US 958 [1978]; *People v Garay*, 128 AD2d 413, 414 [1987]).

Although a criminal defendant has a right to a public trial,

that right is not absolute (*People v Ramos*, 90 NY2d 490, 497 [1997], *cert denied sub nom. Ayala v New York*, 522 US 1002 [1997]), and the trial courts have the discretion to exclude the public, although that discretion must be exercised "sparingly . . . and then, only when unusual circumstances necessitate it" (*People v Hinton*, 31 NY2d 71, 76 [1972], *cert denied* 410 US 911 [1973]; *see also People v Jones*, 96 NY2d 213, 216 [2001]; *People v Martinez*, 82 NY2d 436, 441 [1993]). In this matter, the People made a sufficiently particularized showing of an overriding interest justifying closure of the courtroom during the undercover officer's testimony, which included evidence that the officer expected to return to the specific vicinity of defendant's arrest, an area the undercover frequents often, for further undercover operations, within a few days of the trial, that unapprehended subjects of prior investigations remained at large, and that he feared for his safety (*see People v Asencia*, 280 AD2d 678, 679 [2001]; *People v Tucker*, 228 AD2d 354 [1996], *lv denied* 88 NY2d 1025 [1996]).

Moreover, with regard to the exclusion of a non-family member described as defendant's "closest friend," the Court of Appeals has recently held that "[o]nce the prosecution has met the burden of showing that a courtroom must be closed to the general public in order to protect a witness's safety, the burden should shift to the defendant seeking an exception to the closure to show that a proposed spectator is linked to him by some tie of more significance than ordinary friendship" (*People v Nazario*, 4 NY3d 70, 74 [2005]). The defendant failed to shoulder that burden. In any event, the undercover officer indicated that the presence of the friend, who lived only a few blocks away from the area of the instant drug transaction, might negatively affect future undercover operations because the friend would recognize him as a police officer. Since defense counsel did not provide the People with the friend's pedigree information until immediately before the officer was to testify, the People did not have time to conduct a background check on the friend; defendant's contrary assertions are not supported by the record.

The court properly discharged a juror who indicated that he had to attend his uncle's funeral. The court was not required to wait two hours, since it complied with CPL 270.35 (2) (a) by determining that there was no reasonable likelihood that the juror would be appearing in court within two hours of the time set for the trial to resume. Where the trial was set to resume at 10:00 A.M., and the juror said that he would be unable to be in court "in the morning," a reasonable likelihood of a two-hour absence was established. Concur—Saxe, J.P., Friedman, Sullivan, Nardelli and Williams, JJ.