■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN VAUGHN, Appellant. [17 NYS3d 420]—

Judgment, Supreme Court, New York County (Analisa Torres, J., at hearing; Lewis Bart Stone, J., at jury trial and sentencing), rendered December 19, 2012, convicting defendant of burglary in the first degree and robbery in the first degree, and sentencing him, as a second violent felony offender, to concurrent terms of 20 years, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations. The police observed the occupants of a car rolling what appeared to be a marijuana cigarette, and the officers also detected the odor of marijuana. This provided probable cause to arrest the occupants and search the car (*see e.g. People v Rivera*, 127 AD3d 622 [1st Dept 2015]).

After conducting a suitable inquiry and determining that an absent juror would not appear within two hours after the time that the trial was scheduled to resume, the court properly exercised its discretion in substituting an alternate juror (*see* CPL 270.35 [2] [a]; *People v Jeanty*, 94 NY2d 507, 516 [2000]). The juror had called in from a doctor's appointment, stating she would not make it to court that day, and thereafter she was unable to be reached by cell phone. Under the circumstances, the court was not obligated to wait a full two hours before replacing the juror (*see e.g. People v Lopez*, 18 AD3d 233, 234 [1st Dept 2005], *lv denied* 5 NY3d 807 [2005]).

The court properly exercised its discretion when it used the language of the Criminal Jury Instructions on the subject of eyewitness identification, and related matters concerning expert witnesses, but denied defendant's request to add language from a charge used in New Jersey (*see People v Washington*, 56 AD3d 258, 259 [1st Dept 2008], *lv denied* 11 NY3d 931 [2009]).

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Renwick, Andrias and Manzanet-Daniels, JJ.