People v Ramirez (2019 NY Slip Op 02485)





People v Ramirez


2019 NY Slip Op 02485


Decided on April 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2019

Friedman, J.P., Gische, Tom, Gesmer, Moulton, JJ.


8882 5081/11

[*1]The People of the State of New York, Respondent,
v
Alexis Ramirez, Defendant-Appellant.


Justine M. Luongo, The Legal Aid Society, New York (Steven R. Berko of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Aaron Zucker of counsel), for respondent.



Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered November 21, 2013, convicting defendant, after a jury trial, of attempted assault in the first and second degrees and assault in the second degree, and sentencing him to an aggregate term of six years, unanimously affirmed.
After a sufficient inquiry, the court providently exercised its discretion in discharging a juror based on unavailability (see CPL 270.35[1],[2][a]). The juror explained that he had an appointment for a physical examination the next morning. It was clear that the examination would require him to be absent from court for more than two hours, given the length and location of the examination. The juror also explained that he could not reschedule the appointment because the examination was a requirement of a program he was about to enter. "The Court of Appeals has held that the two-hour rule' gives the court broad discretion to discharge any juror whom it determines is not likely to appear within two hours" (People v Kimes, 37 AD3d 1, 19 [1st Dept 2006], lv denied 8 NY3d 881 [2007], citing People v Jeanty, 94 NY2d 507, 516-17 [2000]). Accordingly, the court providently chose not to delay the trial any further (see e.g. People v Lopez, 18 AD3d 233, 234 [1st Dept 2005], lv denied 5 NY3d 807 [2005]).
Contrary to defendant's argument, the court was not required to ascertain whether the juror could reach an impartial verdict. A juror's state of mind is a separate consideration from unavailability.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2019
CLERK