People v Guillory (2023 NY Slip Op 00501)

People v Guillory

2023 NY Slip Op 00501

Decided on February 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 02, 2023

Before: Kapnick, J.P., Friedman, Gesmer, Moulton, Mendez, JJ. 

Ind No. 3176/16 Appeal No. 17224 Case No. 2020-01000 

[*1]The People of the State of New York, Respondent,
v
Kendall Guillory, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Elizabeth M. Vasily of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Matthew B. White of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Robert A. Neary, J.), rendered December 2, 2019, convicting defendant, after a jury trial, of gang assault in the first degree, and sentencing him to a term of seven years, unanimously affirmed.
Review of defendant's claim that the court improvidently denied three challenges for cause is foreclosed because he did not exhaust all of his peremptory challenges, and any ruling on the challenges for cause, even if erroneous, "does not constitute reversible error" (CPL 270.20[2]), notwithstanding that the unused challenge was an additional challenge granted by the court (see People v Lynch, 95 NY2d 243, 248 [2000]; People v Major, 178 AD3d 607, 608 [1st Dept 2019], lv denied 35 NY3d 971 [2020]). Defendant's argument for reviewability is contrary to the express terms of the statute. In any event, viewing the voir dire record as to each challenge as a whole, we find that each ruling was a provident exercise of discretion.
The court also providently exercised its discretion when, after sufficient inquiry, it replaced a trial juror who needed to undertake a lengthy process to retrieve her towed car, at a distant location. The information provided by the juror negated any reasonable likelihood that she would be returning to court within two hours of the scheduled starting time (see CPL 270.35[2][a]; People v Jeanty, 94 NY2d 507, 515-517 [2000]; People v Lopez, 18 AD3d 233, 234 [1st Dept 2005], lv denied 5 NY3d 807 [2005]).
We perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 2, 2023