■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS DELAVALETTE, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered August 4, 1983, convicting him of sodomy in the first degree (two counts), and sexual abuse in the first degree (two

counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of those portions of defendant's omnibus motion which sought to limit cross-examination concerning prior criminal acts committed by him and to suppress certain evidence.

Judgment affirmed.

Defendant contends that he was denied a fair trial as the result of several alleged errors by the court, including the denial of that branch of his motion which was to suppress certain evidence, and the charge to the jury on the issue of forcible compulsion.

With respect to the suppression ruling, we agree with the hearing court that the police properly entered defendant's apartment after identifying themselves, stating their purpose and obtaining defendant's free and voluntary consent to their entry (see, Payton v New York, 445 US 573, 576-578; People v Murphy, 76 AD2d 935, affd 55 NY2d 819). Accordingly, the observations and evidence obtained thereafter by the police as a result of their warrantless entry into defendant's apartment were properly admitted into evidence.

Further in reviewing the trial court's charge as a whole on the issue of forcible compulsion, we conclude that the jury was properly instructed as to the appropriate legal principles to be applied pursuant to Penal Law § 135.00 (1) with respect to unlawful "restriction". The charge adequately conveyed to the jury the requirement that the perpetrator have knowledge that such conduct was unlawful. Any failure by the court to read the precise language of that subdivision of the statute to the jury constitutes, at most, harmless error (People v Crimmins, 36 NY2d 230).

We have considered defendant's remaining contentions and find them to be either unpreserved or without merit. Mollen, P. J., Bracken, Brown and Rubin, JJ., concur.