OPINION OF THE COURT
 

 Ciparick, J.
 

 These three appeals require us to consider the 1996 amendments to CPL 270.35 and to determine whether Supreme Court in each case properly applied the revised statute to discharge and replace sworn jurors with alternates. We conclude that the Legislature intended to create a bright-line rule in amending the statute. As CPL 270.35 (2) now permits, once the court has conducted a reasonably thorough inquiry into an absent juror’s whereabouts and possible time of return, if it is determined that the juror will not appear within two hours after the time the trial is. scheduled to resume, the court, in the exercise of its discretion, may replace the juror with an alternate. In all three cases, Supreme Court fully complied with the amended statute, conducted such an inquiry and ascertained that the jurors would not be returning within two hours after the scheduled time to resume before determining their unavailability and replacing them.
 

 Defendant in
 
 People v Artis
 
 also claims that the two-hour period is an arbitrary time limit that interferes with his right
 
 *512
 
 to trial by jury guaranteed by the New York State Constitution. We disagree and conclude that CPL 270.35 (2) as applied here does not suffer from this claimed constitutional infirmity. We therefore affirm in each case.
 

 I
 

 In
 
 People v Jeanty,
 
 a sworn juror did not appear for a continuation of the trial, but telephoned the court, stating that he had been involved in an automobile accident, that he had hit his head against the windshield, felt dizzy, and was going to the hospital. After another phone conversation several hours later confirmed that the juror had no idea when he would be able to return and that he was still suffering the effects of the accident, Supreme Court, over defendant’s objection, replaced the juror with an alternate. The jury convicted defendant of robbery, assault and weapon possession charges. The Appellate Division affirmed, holding that the discharge was proper.
 

 In
 
 People v Jones,
 
 two jurors, sworn and seated for the trial, called in and stated that they could not be in court that day. One juror had the flu, and the other, whose store had been burglarized the previous night, was speaking to the police about the incident. Supreme Court, over defendant’s objection that replacement was premature and that the court should wait until the next day, replaced the jurors with alternates, stating that “if a juror is going to be at least two hours late, I have the authority to substitute them.” Defendant was convicted of murder in the second degree and a weapon possession charge, and the Appellate Division affirmed on the ground that the juror discharge issue was unpreserved for review.
 

 In
 
 People v Artis,
 
 during the court’s final charge to the jury on a Friday morning, a juror complained that she was feeling ill. After a brief recess, the juror felt she could continue, but a few minutes after the Judge resumed the charge, she stated that she felt dizzy and was experiencing flu-like symptoms. She asked if she could go home. As the time was close to noon, the court recessed for lunch and sent this juror home. After the lunch recess ended at approximately 2 p.m., the court clerk called the juror and ascertained that her condition was unchanged, she was still feeling very ill and unable to return to court for the afternoon session.
 

 Although defense counsel objected and requested that the court should wait until Monday to determine if the juror was still unavailable, Supreme Court replaced the juror with an alternate and repeated the entire final charge to the jury. In a
 
 *513
 
 subsequent written decision, Supreme Court held that the 1996 amendments to CPL 270.35 authorized discharge and replacement in the court’s discretion after the court had ascertained that the juror would not be returning to court within two hours. The court also noted that all jurors had been told in advance that they would begin deliberations that day and had brought their belongings in case the jury was sequestered. Waiting until Monday, according to the court, would have caused undue delay and could have angered the other jurors, which could have resulted in actual prejudice to the defendant. Supreme Court also rejected defendant’s argument that replacing the juror after two hours violated his right under article I, § 2 of the New York State Constitution to trial by jury. The Appellate Division affirmed defendant’s conviction of burglary in the second degree, holding that Supreme Court’s ruling was fully consistent with
 
 People v Page
 
 (72 NY2d 69).
 

 We affirm in all three cases.
 

 II
 

 The amendments to CPL 270.35 in 1996 added a new subdivision to address what the Legislature perceived to be problems in the application of our decision in
 
 People v Page
 
 (72 NY2d 69, supra;
 
 see,
 
 Bill Jacket, L 1996, ch 630). The new subdivision (2) states in part that
 

 “[i]n determining * * * whether a juror is unable to continue serving by reason of illness or other incapacity, or is for any other reason unavailable for continued service, the court shall make a reasonably thorough inquiry concerning such illness, incapacity or unavailability, and shall attempt to ascertain when such juror will be appearing in court” (CPL 270.35 [2] [a]).
 

 This provision codifies the portion of this Court’s holding in
 
 Page
 
 (interpreting the predecessor CPL 270.35) that the trial court erred by discharging a juror without first making reasonable efforts “to ascertain when the absent juror might arrive at the courthouse”
 
 (People v Page, supra,
 
 72 NY2d, at 74). In
 
 Page,
 
 although defense counsel asked the court to determine when the juror could be there, the court refused and instead discharged the juror 45 minutes after the time she was scheduled to appear. This we held to be improper. Fully consistent with this holding, the statute, as amended, requires the court to make a reasonable inquiry into a missing juror’s
 
 *514
 
 whereabouts and estimated time of arrival at court (CPL 270.35 [2] [a]).
 

 The Legislature, however, went further and also provided:
 

 “If such juror fails to appear, or if the court determines that there is no reasonable likelihood such juror will be appearing, in court within two hours of the time set by the court for the trial to resume, the court may presume such juror is unavailable for continued service and may discharge such juror” (CPL 270.35 [2] [a]).
 

 This portion of the amendment builds on our decision in
 
 People v Washington,
 
 the companion case to
 
 People v Page (supra).
 
 In
 
 Washington,
 
 the court waited two hours for the juror to arrive and made particularized inquiries, placed on the record, as to the attempts to locate the missing juror. We held there that the trial court’s decision to discharge the juror was not error
 
 (People v Page, supra,
 
 72 NY2d, at 74). The amendment states clearly that, if the court has made a reasonably thorough inquiry and has determined that the juror will not appear within two hours, it may dismiss the juror.
 

 Defendants in the three appeals at hand attempt to draw a distinction between the two parts of the amended statute.
 
 *
 
 The “reasonably thorough inquiry” portion, they argue, is the only section that applies to their cases, and requires that the court wait at least one day where the cause of the jurors’ absence is known, but the time of their return remains unclear. The “two-hour rule,” according to defendants, applies only to unreachable, missing jurors, which is not the situation in the cases before us.
 

 The language of the amendment and its legislative history flatly contradict defendants’ position. The statute simply cannot be parsed in this way. By its terms, the two-hour rule applies not only “[i]f such juror fails to appear” — the missing juror scenario — but also “if the court determines that there is no reasonable likelihood such juror will be appearing” — the situation here (CPL 270.35 [2]). The statute makes no distinction between these two scenarios that would warrant applying the two-hour rule to one but not the other. Additionally, defendants show no reason for treating missing jurors who remain out of contact differently than those who explain their absence. Both
 
 *515
 
 situations delay a trial, and the history of the amendment clearly evinces an intent on the part of the Legislature to avoid delays and to provide precise guidelines to trial courts deciding whether to discharge jurors who fail to appear.
 

 Defendants alternatively claim that the two-hour rule does not apply to their cases because the statute only creates a presumption of unavailability after two hours, not a bright-line rule that jurors may be dismissed. Defendants argue that they have rebutted the presumption that the jurors were “unavailable for continued service” because the evidence here indicated that the jurors had valid excuses for their absences and could be returning for the next day of trial. Defendants cite the Practice Commentaries, which opine that the presumption “would be rebuttable by information as to when the juror actually will be available for continued service” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 270.35, 1999-2000 Interim Supp Pamph, at 269).
 

 Although the use of “presume” in this context may be somewhat ambiguous, the incorporation of a rebuttable presumption into this statute is at direct odds with the legislative purpose of providing clear guidelines for trial courts to follow. All indications from the memoranda in support of this legislation are that the amendments were enacted to eliminate any ambiguity as to how long a Trial Judge must wait for an absent juror.
 
 Page
 
 noted that under the previous statute, “[n]o flexible rule or catechism was contemplated or need be judicially crafted to determine the precise parameters of when a juror is unavailable”
 
 (People v Page, supra,
 
 72 NY2d, at 73). Following
 
 Page,
 
 however, the Legislature determined that a precise time parameter is indeed necessary to avoid undue confusion on this point and any resulting trial delays. It therefore amended the statute.
 

 As the Governor explained in his Approval Memorandum, the legislation was adopted to circumvent wasteful delays, “by expressly authorizing trial judges to discharge a juror whenever he or she fails to appear, or there is no reasonable likelihood of the juror’s appearing in court within two hours of the time set for the trial to resume” (Governor’s Approval Mem, Bill Jacket, at 8, L 1996, ch 630, reprinted in 1996 McKinney’s Session Laws of NY, at 1908). Similar views were expressed by one of the bill’s sponsors, Chairman of the New York Assembly’s Committee on Codes (Sponsor’s Mem in Support, July 23, 1996, Bill Jacket, at 5, L 1996, ch 630;
 
 see also,
 
 Kamins, Gould’s Criminal Law and Practice, No. 1, at 2 [Fall 1996] [the
 
 *516
 
 amendments create a bright-line rule authorizing the Trial Judge to replace a juror who does not or cannot appear after two hours]). With this clear indication of purpose, it is illogical to view the two-hour period now a part of CPL 270.35 as creating only a presumption that could be dispelled by showing that an absent juror could be available some time after the two-hour period. The better view is that the juror who is or who the court reasonably believes will be more than two hours late can be conclusively presumed to be unavailable and is subject, in the court’s discretion, to discharge.
 

 Defendants protest, however, that a rule permitting discharge after two hours renders that part of the amendment requiring the court to conduct a “reasonably thorough inquiry” unnecessary. It is certainly true that a statute should not be interpreted to nullify a portion of its mandate (McKinney’s Cons Laws of NY, Book 1, Statutes § 97;
 
 People v Mobil Oil Corp.,
 
 48 NY2d 192, 199). However, holding that a trial juror who is absent for more than two hours could be discharged and replaced does not jettison a trial court’s statutory duty to conduct a reasonably thorough inquiry into a juror’s availability. To the contrary, this inquiry, which CPL 270.35 (2) mandates, is a prerequisite to obtaining the presumption that a juror is unavailable. If the inquiry yields a reasonable likelihood that the juror will not appear within two hours, then discharge is permissible in the court’s discretion. Without a reasonably thorough inquiry, however, the exercise of the court’s discretion on the ultimate issue of whether or not to replace the juror would be uninformed. There, of course, may be cases where the absent juror is unreachable, but in those instances, the court must at least make a reasonably thorough inquiry.
 

 Notably, the statute does not compel replacement of a juror who cannot appear within two hours. Instead, CPL 270.35 (2) states that a court “may discharge”' such a juror.
 
 Page
 
 noted that the previous statute invested the trial court with significant discretion to reach a balanced determination on replacing a juror based on the entirety of the circumstances, which can include the ability of an absent juror to return, the stage of the trial, the need to avoid delay, the possibility of prejudice, and the effect on the many other participants involved
 
 (People v Page, supra,
 
 at 73). The amended CPL 270.35 continues that grant of discretion. Further, inquiry into the juror’s whereabouts remains integral to the court’s determination. Under the amendment, however, a trial court that has conducted a reasonable inquiry and has determined that a juror will not
 
 *517
 
 appear within two hours may, in the sound exercise of its discretion, replace that juror.
 

 In each of the appeals before us, Supreme Court conducted a reasonably thorough inquiry and determined that the jurors would not be returning within two hours after the time set for the trial to resume. Thus, having complied with CPL 270.35 (2), the Trial Judges were well within their discretion in replacing these jurors with alternates.
 

 in
 

 A final argument, particular to the
 
 Artis
 
 case, is that CPL 270.35 (2) as applied here infringes upon the guarantee of the right to trial by jury (NY Const, art I, § 2). While this constitutional provision contains no language regarding the seating of jurors, this Court has held that the trial by jury guarantee embraces the decision whether to replace a juror in certain aspects that are fundamental to the fair and orderly administration of the fact-finding process
 
 (People v Anderson,
 
 70 NY2d 729, 730-731;
 
 People v Buford,
 
 69 NY2d 290, 297-298;
 
 People v West,
 
 62 NY2d 708,
 
 revg for reasons in dissent below
 
 92 AD2d 620). A defendant thus “has a constitutional right to a trial by a ‘ “particular jury chosen according to the law, in whose selection [the defendant] has had a voice” ’ ”
 
 (People v Anderson, supra,
 
 70 NY2d, at 730 [citations omitted]). However, replacement with an alternate juror is not, as a rule, a violation of the right to trial by jury
 
 (People v Ryan,
 
 19 NY2d 100, 103). As this Court has noted, before jury deliberations, “there is no material distinction between regular and alternate jurors”
 
 (People v Ortiz,
 
 92 NY2d 955, 957).
 

 Ortiz,
 
 however, does not authorize the free substitution of jurors with alternates. That case held that a written waiver, identical to the one required of a defendant forgoing a jury trial, was not necessary when replacing a juror with an alternate prior to jury deliberations. The question under
 
 Page
 
 and
 
 Anderson
 
 is whether the substitution of an alternate in whose selection the defendant has had a voice is arbitrary or has been made without good cause as prescribed by law
 
 (People v Page, supra,
 
 at 73;
 
 People v Anderson, supra,
 
 at 730). For example, in
 
 Anderson,
 
 it was error to replace a juror under CPL 270.35’s “grossly unqualified” standard (now CPL 270.35 [1]) without a proper showing that a juror would be prevented from rendering an impartial verdict
 
 (People v Anderson, supra,
 
 at 730). Noting the article I, § 2 trial by jury guarantee, a harmless error analysis was unavailable in
 
 Anderson,
 
 even though defendant had had a voice in choosing the alternate juror
 
 (id.).
 
 
 *518
 
 This case, however, is different from Anderson. Far from arbitrary, the dictates of CPL 270.35 (2) provided good cause for discharging and replacing the
 
 Artis
 
 juror. The “reasonably thorough inquiry” required by the statute insures against arbitrary decision-making regarding the substitution of alternates. In
 
 Artis,
 
 for instance, the juror became ill before the Trial Judge’s eyes. After a short recess, the juror could not continue, stated that she was dizzy, and was sent home. The court contacted the juror at home after the lunch recess and determined that she was still not feeling well and was too ill to return for the afternoon session. Replacing the juror under these circumstances was clearly proper and did not offend constitutional principles.
 

 Moreover, the two-hour rule of CPL 270.35 (2) is not an arbitrary cut-off point. Instead, it strikes a constitutionally acceptable balance between the need to avoid uncertainty and delay and the defendant’s right to an orderly jury trial. Also, there is no question here that defendant had a voice in choosing the alternate jurors and that the procedures for the selection of alternates were followed (CPL 270.30). In sum, the court in
 
 Artis
 
 properly applied CPL 270.35 (2), and in following the statute, the court did nothing to disrupt defendant’s constitutional right to trial by jury.
 

 Accordingly, the orders of the Appellate Division in these three appeals should be affirmed.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Wesley and Rosenblatt concur.
 

 In
 
 People v Jeanty
 
 and
 
 People v Jones:
 
 Orders affirmed.
 

 In
 
 People v Artis:
 
 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed.
 

 *
 

 In
 
 Jones,
 
 we find that defendant’s objection to the discharge of the two jurors is preserved for appellate review because the court expressly decided the issue in response to a protest by a party (CPL 470.05 [2]).