OPINION OF THE COURT
Leon Ruchelsman, J.
The defendant is charged with criminal sale of a controlled *63 substance in or near school grounds (Penal Law § 220.44 [2]). This charge arose out of an alleged buy and bust operation which took place in Kings County on June 24, 1999. The defendant’s trial commenced on Tuesday, May 9, 2000. The following day, Wednesday, May 10, 2000, after jury selection and before opening remarks by either attorney, juror number eight indicated that he would be absent from court the next day. The juror explained that his wife was being induced and he would accompany her to the hospital. The juror assured the court that he would return on Monday, May 15, and resume his service at that time. The juror was instructed to call the courtroom the following morning for further instructions and all the jurors were dismissed for the day.
The court then stated that it did not want to unnecessarily delay the trial, since the jurors had been told the trial would only last two days. The court stated that it was inclined to replace juror number eight with the first alternate juror. The court noted that while it was true there would be no court session on Friday due to the defendant’s religious beliefs, postponing the trial the entire Thursday could cause undue burdens on the jurors who had been anticipating the progression of the trial on that day. The defendant maintained that since the juror indicated a definite time when he would return, it would be improper to dismiss him despite his acknowledged absence. The appropriate course of action, claimed the defendant, would be to delay the trial one day, notwithstanding any hardships and burdens that would be placed on the rest of the jury.
The next morning, juror number eight telephoned the courtroom as instructed and again reiterated that he could not attend court session that day but would be available on Monday. The juror was then dismissed from service and was replaced by alternate juror number one over the defendant’s objection. This decision now supplements that oral ruling.
Conclusions of Law
In 1996 the Legislature amended CPL 270.35 (2) (a), the section governing the discharge and replacement of sworn jurors. The amendment provides that if “a juror is unable to continue serving by reason of illness or other incapacity, or for any other reason is unavailable for continued service * * * the court shall make a reasonably thorough inquiry concerning such illness, incapacity or unavailability, and shall attempt to ascertain when such juror will be appearing in court.” The *64 statute further provides that if the court determines the juror will not be returning within two hours of the commencement of the proceedings, the juror may be presumed unavailable and the Judge may discharge the absent juror and replace him or her with an alternate juror.
Thus, by its very terms, this amended statute seems to only govern the specific instance where the court could not ascertain the time when such juror could be available for continued service. Indeed, the Practice Commentaries suggest that the statute is only applicable when the return of the juror is unknown (Preiser, 1996 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 270.35, 2000 Supp Pamph, at 281). However, where the juror has indicated he or she would return at a specific time beyond two hours, the statute is ambiguous as to whether the court has the authority to dismiss that juror (id.). The Commentaries point out that if the court were granted such “carte blanche authority” (id., at 281), there would be no need for the court to conduct an inquiry as to the continued unavailability of the juror. The court could summarily discharge such juror as long as two hours have passed. Moreover, the Commentaries allude to the statute’s determination that such absent juror may be presumed unavailable and question the propriety of that legal conclusion when the court is aware the juror will return at a time specific. The Commentaries stressed that clearer language was needed to ascertain the scope of the statute’s reach.
The extent of the statute’s reach was clearly enunciated by the recent Court of Appeals decision in People v Jeanty (94 NY2d 507). In Jeanty, a sworn juror telephoned the court and stated he had been involved in a car accident, was not feeling well and was going to the hospital. He informed the court a few hours later that he still was not feeling well and did not know when he would return for service. He was dismissed over defendant’s objection and replaced by an alternate. In People v Jones (94 NY2d 507), a companion case to Jeanty, two jurors called the courtroom to say they would be absent from service. One juror was ill while the other’s business had been burglarized the night before. The Judge dismissed them ruling that since they would be absent for at least two hours he had the authority to replace them. Finally, in People v Artis (94 NY2d 507), another companion case, a juror was replaced when, after feeling ill during the trial, she was unable to ascertain when she might return.
It is true that in all three of these cases, each juror failed to state a specific time when they would return for service. *65 However, there is strong language in the Jeanty decision which makes plain that the statute was meant to include that scenario and provide the Trial Judge with the authority to dismiss absent jurors even where the court has knowledge of when those jurors will return.
In Jeanty (supra), the defendant argued that the newly enacted “two hour rule” only applied if the court could not in any way contact the jurors and afford them an opportunity to explain their absence. However, if the court did ascertain the reason for the jurors’ absence then the court was required to wait at least one day. The Jeanty decision flatly rejected that position, noting that the amended statute makes no distinction between jurors who remain out of contact and those who explain their absence. Furthermore, the Court failed to see why out-of-contact jurors should be treated differently than jurors who explain their absence. The Court noted that “[b]oth situations delay a trial, and the history of the amendment clearly evinces an intent on the part of the Legislature to avoid delays and to provide precise guidelines to trial courts deciding whether to discharge jurors who fail to appear.” (Supra, at 514-515.) The overarching principle of the statute, then, is to reduce delay and conduct trials efficiently and timely. A delay is not mitigated by the fact that the court knows a juror can return the following day, nor is that delay any less burdensome to the rest of the jury simply because the court is aware that the delay is finite. In either case, the primary intent of the Legislature is frustrated. This is particularly true in cases where the jury was specifically instructed as to the length of the trial.
Moreover, the Jeanty decision addressed the questions raised by the Practice Commentaries and explained that the use of the word “presume” in the amended statute was “somewhat ambiguous” (supra, at 515). However, the Court noted that to attach to the analysis of the statute the same sort of rebuttable presumption used elsewhere in the law would clearly be at odds with the spirit and intent of the statute. Rather, the Court explained, the word “presume” was meant to connote a conclusion that would permit the juror to be discharged. The Court concluded by pointing out that the “two hour rule” did not eviscerate the need to conduct a reasonably thorough inquiry. On the contrary, an inquiry must be conducted before a Judge may exercise his or her discretion in this matter to insure the decision is based on as much information as possible. It would be quite neglectful to dismiss a juror after merely waiting two *66 hours, without inquiring as to the juror’s absence. Such inquiry might have yielded information which would have convinced the court that dismissal of the jury would be premature and unwarranted. While the ultimate question of dismissal rests with the sound discretion of the Trial Judge, the more information available, the better able the Trial Judge will be to assess all of the possibilities. It is for those reasons an inquiry must be performed. Once that inquiry is complete and it is clear the court must wait at least two hours, then the Judge has discretion to dismiss the juror. However, it was never the Legislature’s intention to limit the reach of the statute only to those cases where the return of the juror is unknown.
The specific facts of Jeanty (supra) and its companion cases notwithstanding, it is clear that as long as a juror has been delayed for at least two hours and a reasonably thorough inquiry has been conducted, then the Trial Judge has discretion to dismiss that juror even where the Judge knows when the juror will return for service.
Based on the foregoing, juror number eight was dismissed and replaced by alternate juror number one.