■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN SETTLES, Appellant. [813 NYS2d 501]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Honorof, J.), rendered March 23, 2004, convicting him of burglary in the second degree (two counts), grand larceny in the third degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in discharging a juror without conducting a sufficiently thorough inquiry to ascertain when the juror would be available to continue service (*see* CPL 270.35). However, the defendant did not object to the sufficiency of the court's inquiry prior to the discharge of the juror, or request that any further inquiry be made. Under these circumstances, the defendant's claim is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Jones,* 260 AD2d 647, 647-648 [1999], *affd* 94 NY2d 507 [2000]; *People v Riccardi,* 199 AD2d 432 [1993]).

In any event, the Supreme Court providently exercised its discretion in discharging the juror (*see generally People v Jeanty,* 94 NY2d 507, 513 [2000]; *People v Page,* 72 NY2d 69, 73 [1988]; *People v McDonald,* 143 AD2d 1050 [1988]). The juror had informed the Supreme Court during jury selection that he had plans to go on vacation on a date when the trial was expected to have concluded. The trial took longer than expected, and the Supreme Court delayed its decision to discharge the juror "until it became apparent that the trial could not be concluded without substitution of that juror" (*People v Smith,* 245 AD2d 533, 534 [1997]). Moreover, the Supreme Court sufficiently inquired into the juror's availability prior to discharging him (*see People v Woods,* 275 AD2d 332, 333 [2000]; *People v Burns,* 118 AD2d 864, 865 [1986]). Ritter, J.P., Luciano, Mastro and Skelos, JJ., concur.