■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREEM MYERS, Appellant. [813 NYS2d 423]—

Judgment, Supreme Court, Bronx County (Robert H. Straus, J., at suppression hearing; Barbara F. Newman, J., at jury trial and sentence), rendered June 12, 2003, convicting defendant of robbery in the second degree, and sentencing him, as a second felony offender, to a term of 12 years, unanimously affirmed.

The court properly denied defendant's motion to suppress identification testimony as the alleged fruit of an unlawful arrest. The People established probable cause for defendant's arrest notwithstanding the absence of testimony from the arresting officer. The only reasonable conclusion that could be drawn from the totality of the hearing evidence is that the arresting officer arrested defendant and the codefendant based on numerous radio transmissions from another officer in his command, which accurately described the suspects and the direction of their ongoing flight (*see People v Gonzalez*, 91 NY2d 909, 910 [1998]; *People v Mims*, 88 NY2d 99, 113-114 [1996]).

The court properly discharged a juror as unavailable when, after the juror called the court from a hospital where she had brought her sick child, the court was thereafter unable to locate the juror despite a number of calls to the hospital and to the juror's home. This was a reasonably thorough inquiry into the juror's availability, and the court properly determined that there was no reasonable likelihood that the juror would appear within the statutory two-hour period (*see* CPL 270.35 [2]; *People v Jeanty*, 94 NY2d 507 [2000]).

We perceive no basis for reducing the sentence. Concur—Buckley, P.J., Tom, Andrias, Gonzalez and Sweeny, JJ.