■ The People of the State of New York, Respondent, v Hassim Mohammed, Appellant. [844 NYS2d 264]—

Judgment, Supreme Court, Bronx County (Martin Marcus, J.), rendered March 22, 2004, convicting defendant, after a jury verdict, of grand larceny in the second degree and bribe receiving in the third degree, and sentencing him to a term of five years' probation with 125 hours of community service, unanimously affirmed.

The court properly denied defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]). The *Batson* challenge, alleging discrimination for "religious reasons," was based on the prosecutor's peremptory challenge of one prospective juror whose name sounded possibly Middle Eastern or South Asian. The court found that defendant had not established a prima facie case of religious discrimination, but it rendered its own ruling moot when it asked the prosecutor to explain the challenge. The prosecutor articulated a facially religion-neutral reason for the challenge at issue, and the record supports the court's finding that the explanation was not pretextual. This

finding is entitled to great deference (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]), particularly since the explanation included matters of demeanor (*see e.g. People v Artis*, 262 AD2d 215 [1999], *affd* 94 NY2d 507 [2000]). Furthermore, the court properly credited the prosecutor's assertion that he could not be discriminating on the basis of religion, because he did not even know what the panelist's religion was.

The verdict was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). The evidence warranted the conclusion that when defendant, a fire inspector, asked a landlord for a $500 payment, he did so with the intent to solicit a bribe, and not to propose a business transaction. To the extent that defendant is also challenging the sufficiency of the evidence, that claim is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would reject it. Concur—Lippman, P.J., Mazzarelli, Friedman, Marlow and Buckley, JJ.