■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE BALLARD, Appellant. [858 NYS2d 769]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Guzman, J.), rendered September 8, 2006, convicting him of criminal possession of a controlled substance in the fifth degree and unlawful possession of marijuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction of criminal possession of a controlled substance in the fifth degree (*see* Penal Law § 220.06 [5]) was supported by legally sufficient evidence. Contrary to the defendant's contention, the People were not required to prove that he had knowledge of the weight of the cocaine he possessed in order to establish that he committed the crime of criminal possession of a controlled substance in the fifth degree (*see People v Estrella,* 303 AD2d 689 [2003]). Penal Law § 220.06 (5) (as amended by L 1995, ch 75, § 1), provides that "[a] person is guilty of criminal possession of a controlled substance in the fifth degree when he knowingly and unlawfully possesses . . . cocaine and said cocaine weighs five hundred milligrams or more." Construing this provision in accordance with its plain language, as we must (*see People v Garson,* 6 NY3d 604, 611 [2006]), the term "knowingly" applies only to the possession element of the crime, and not to the weight element.

The Supreme Court providently exercised its discretion in replacing a sworn juror after learning that the juror, who had called the court's clerk advising that he would not be in court that day due to "stomach pains," would not be able to appear for more than two hours after trial was set to resume. The court made a "reasonably thorough inquiry" (CPL 270.35 [2] [a]) into the juror's unavailability, afforded the parties the opportunity to be heard, and placed the facts and reasons for its determination on the record (*see* CPL 270.35 [2] [a], [b]; *People v Jeanty,* 94 NY2d 507, 516-517 [2000]; *People v Shelton,* 31 AD3d 791, 791-792 [2006]). Further, since the defendant never objected to the replacement of the sworn juror on any constitutional ground, his constitutional claim on this matter is unpreserved for appellate review (*see People v Angelo,* 88 NY2d

217, 222 [1996]; *People v Olibencia,* 45 AD3d 607, 608 [2007], *lv denied* 10 NY3d 814 [2008]). In any event, the claim is without merit. "[R]eplacement [of a sworn juror] with an alternate juror is not, as a rule, a violation of the right to trial by jury" (*People v Jeanty,* 94 NY2d at 517) as "there is no material distinction between regular and alternate jurors" (*People v Ortiz,* 92 NY2d 955, 957 [1998]) prior to deliberations (*see People v Jeanty,* 94 NY2d at 517). Here, the defendant participated in the selection of the alternate juror and the alternate's substitution for the discharged juror was neither arbitrary nor made "without good cause as prescribed by law" (*id.*). Rivera, J.P., Spolzino, Dickerson and Eng, JJ., concur.