■ SHEILA LEFFLER et al., Appellants, v MICHAEL FELD, M.D., Respondent. [912 NYS2d 211]—

Judgment, Supreme Court, Bronx County (Patricia Ann Williams, J.), entered February 23, 2009, after a jury trial in a medical malpractice action, dismissing the complaint, unanimously affirmed, without costs.

No basis exists to disturb the verdict (*see McDermott v Coffee Beanery, Ltd.*, 9 AD3d 195, 206-207 [2004]), "especially [as] resolution of the case turns on an evaluation of conflicting expert testimony" (*Fontana v Kurian*, 214 AD2d 832, 833 [1995], *lv denied* 86 NY2d 707 [1995]), and on issues of credibility. This includes what plaintiff told defendant about her symptoms. However, the jury specifically rejected the plaintiff's claim that Altace caused plaintiff's condition.

The court properly refused to permit plaintiff to call a previously undisclosed coworker as a rebuttal witness, as the witness could have been called on plaintiff's direct case (*cf. Feldsberg v Nitschke*, 49 NY2d 636, 643 [1980]; *see Hutchinson v Shaheen*, 55 AD2d 833, 834 [1976]). Moreover, since the rebuttal witness would not have testified to what plaintiff told defendant about her symptoms, no substantial right was prejudiced by the preclusion of the witness's testimony (*see Frias v Fanning*, 119 AD2d 796, 797 [1986]).

Finally, the testimony of plaintiff's handwriting expert was properly precluded because it "was of questionable probative value and likely to involve distracting collateral issues" (*Heraud*

*v Weissman*, 276 AD2d 376, 377 [2000], *lv denied*, 96 NY2d 705 [2001]). The predeliberations substitution of an alternate juror for a juror who was late and could not be contacted was also a proper exercise of discretion (*see People v Jeanty*, 94 NY2d 507, 517 [2000]; *People v Ballard*, 51 AD3d 1034, 1035-1036 [2008], *lv denied* 11 NY3d 734 [2008]). Concur—Gonzalez, P.J., Saxe, Catterson, Acosta and Manzanet-Daniels, JJ.