■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KHADIM GUEYE, Appellant. [994 NYS2d 683]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Roman, J.), rendered October 23, 2006, convicting him of grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the Supreme Court improperly discharged a sworn juror and replaced him with an alternate. The defendant failed to preserve for appellate review his contention that the Supreme Court did not make a "reasonably thorough inquiry" (CPL 270.35 [2] [a]) into the unavailability of the juror, because he did not object to the sufficiency of the court's inquiry or request that any further inquiry be made (*see People v King*, 110 AD3d 1005, 1006 [2013], *lv granted* 23 NY3d 1022 [2014]; *People v Morales*, 87 AD3d 1165, 1166 [2011]; *People v Settles*, 28 AD3d 591, 591 [2006]). In any event, contrary to the defendant's contention, the Supreme Court conducted a reasonably thorough inquiry into the juror's unavailability and providently exercised its discretion in replacing the juror after determining that the juror would not appear within the two-hour time period set forth in CPL 270.35 (2) (*see People v Jeanty*, 94 NY2d 507 [2000]). The defendant's constitutional claim on this matter is also unpreserved for appellate review (*see People v Ballard*, 51 AD3d 1034, 1035-1036 [2008]; *People v Angelo*, 88 NY2d 217, 222 [1996]) and, in any event, without merit (*see People v Jeanty*, 94 NY2d at 517; *People v Ballard*, 51 AD3d at 1036).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear

the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Rivera, J.P., Leventhal, Hinds-Radix and Barros, JJ., concur.