THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODYE PAQUIOT, Appellant. [56 NYS3d 345]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered September 30, 2014, convicting her of scheme to defraud in the first degree and grand larceny in the third degree (12 counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the People's contention, the defendant's claim that the evidence supporting her convictions was legally insufficient is preserved for appellate review (*see People v Soto*, 8 AD3d 683, 684 [2004]). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe their demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The Supreme Court properly permitted the prosecutor to question the defendant during cross-examination regarding her improper notarization of unsigned documents, since her testimony on direct examination opened the door to this previously precluded line of questioning (*see People v Rodriguez*, 85 NY2d 586, 591 [1995]; *People v Fardan*, 82 NY2d 638, 646 [1993]).

The defendant's contention that the Supreme Court improp-

erly discharged a sworn juror and replaced her with an alternate is also without merit. The court conducted a reasonably thorough inquiry into the juror's unavailability and providently exercised its discretion in replacing the juror after determining that the juror would not appear within the two-hour period set forth in CPL 270.35 (2) (*see People v Jeanty*, 94 NY2d 507 [2000]). The defendant's claim regarding the constitutionality of the discharge of the juror is unpreserved for appellate review (*see People v Angelo*, 88 NY2d 217, 222 [1996]; *People v Ballard*, 51 AD3d 1034, 1035-1036 [2008]) and, in any event, without merit (*see People v Jeanty*, 94 NY2d at 517; *People v Ballard*, 51 AD3d at 1036).

Contrary to the defendant's contentions, the Supreme Court properly denied, without a hearing, that branch of her motion which was to set aside the verdict pursuant to CPL 330.30 (2), based upon alleged juror misconduct (*see* CPL 330.40 [2] [e]; *People v Gerrara*, 88 AD3d 811, 813-814 [2011]; *People v Bab Lin You*, 264 AD2d 780, 780 [1999]; *People v Cervantes*, 242 AD2d 730, 731 [1997]).

The defendant's contention that the Supreme Court's improper discharge of alternate jurors in violation of CPL 270.30 constituted reversible error is unpreserved for appellate review (*see People v Garay*, 25 NY3d 62, 67 [2015]; *People v Agramonte*, 87 NY2d 765 [1996]) and, in any event, without merit under the circumstances of this case. Leventhal, J.P., Hinds-Radix, LaSalle and Brathwaite Nelson, JJ., concur.