Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered May 20, 2013, as amended June 6, 2013, convicting him of robbery in the first degree and tampering with physical evidence, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant’s omnibus motion which was to suppress his statements to law enforcement officials, and the denial, without a hearing, of that branch of the defendant’s omnibus motion which was to suppress physical evidence.
 

 Ordered that the judgment, as amended, is affirmed.
 

 Contrary to the defendant’s contention, raised in his pro se supplemental brief, the Supreme Court properly denied that branch of his omnibus motion which was to suppress his statements to law enforcement officials. The court properly determined that the defendant was not subjected to interrogation before being advised of his Miranda rights (Miranda v Arizona, 384 US 436 [1966]; see e.g. People v Slattery, 147 AD3d 788, 790 [2017]; People v Man Lee Lo, 118 AD2d 225, 230-231 [1986]; see generally People v Paulman, 5 NY3d 122, 129 [2005]; People v Ferro, 63 NY2d 316, 322-323 [1984]), and that any statements uttered by the defendant after the administration of his Miranda rights were the product of a knowing, intelligent, and voluntary waiver (see People v Mateo, 2 NY3d 383, 414 [2004]; People v Baliukonis, 35 AD3d 626, 627 [2006]). The defendant’s contention that his statements should have been suppressed because he asserted his right to remain silent during questioning is unpreserved for appellate review (see CPL 470.05 [2]; People v Mandrachio, 55 NY2d 906, 907 [1982]; People v Rogers, 245 AD2d 395, 396 [1997]) and, in any event, without merit (see People v Seda, 289 AD2d 422, 423 [2001]; People v Aguirre, 248 AD2d 717, 718 [1998]).
 

 Contrary to the defendant’s contention, raised in his pro se supplemental brief, the Supreme Court likewise properly denied, without a hearing, that branch of his omnibus motion which was to suppress physical evidence, since his allegations were insufficient to support his claim that the police lacked probable cause to arrest him (see CPL 710.60 [1]; People v Mendoza, 82 NY2d 415, 421 [1993]; People v Montero, 44 AD3d 796, 796-797 [2007]).
 

 The Supreme Court properly exercised its discretion when it discharged a sworn juror and replaced him with an alternate. The court conducted a reasonably thorough inquiry into the sworn juror’s unavailability and providently exercised its discretion in replacing the sworn juror with an alternate, after determining that the sworn juror would not appear within the two-hour time period set forth in CPL 270.35 (2) (see People v Jeanty, 94 NY2d 507, 517 [2000]; People v Myers, 28 AD3d 373, 373 [2006]; People v Ortiz, 286 AD2d 781, 782 [2001]). The defendant’s claim regarding the constitutionality of the discharge of the juror is unpreserved for appellate review (see People v Angelo, 88 NY2d 217, 222 [1996]; People v Gueye, 122 AD3d 768, 768 [2014]; People v Ballard, 51 AD3d 1034, 1035-1036 [2008]) and, in any event, without merit (see People v Jeanty, 94 NY2d at 517; People v Ballard, 51 AD3d at 1036).
 

 The defendant’s contention in his pro se supplemental brief that the Supreme Court failed to meaningfully respond to jury notes pertaining to the charge of murder in the first degree, a charge of which he was acquitted, is unpreserved for appellate review and, in any event, academic. His contention as to the jury note pertaining to the charges of robbery in the second degree and robbery in the first degree likewise is unpreserved for appellate review and, in any event, without merit (see CPL 310.30; People v Jackson, 105 AD3d 607, 608 [2013]; People v DiLuca, 85 AD2d 439, 445 [1982]).
 

 The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
 

 Rivera, J.P., Hall, Miller and Duffy, JJ., concur.