People v Thompson (2019 NY Slip Op 04968)





People v Thompson


2019 NY Slip Op 04968


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-00650
 (Ind. No. 1480/14)

[*1]The People of the State of New York, respondent,
v
Derven Thompson, appellant.


Clinton W. Calhoun III, White Plains, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Brian R. Pouliot and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Barry E. Warhit, J.), rendered December 17, 2015, convicting him of murder in the second degree and gang assault in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of murder in the second degree and gang assault in the first degree in connection with an incident wherein the defendant, and several others, approached the victim and his friend and began attacking the victim, purportedly because the victim "put his hands" on the defendant's mother. Both the victim's friend (hereinafter the friend) and another eyewitness testified that the defendant stabbed the victim repeatedly with a red-handled knife. At the trial, the medical examiner testified that the victim suffered 24 knife wounds: 15 stab wounds and 9 incised wounds. According to the medical examiner, several of the stab wounds were so forceful that they cut through bone. The police, inter alia, recovered a blood-stained purple sweatshirt that eyewitnesses testified the defendant had been wearing at the time of the attack. DNA testing revealed, inter alia, the presence of the victim's blood on that sweatshirt. During the trial, the County Court admitted, as an excited utterance exception to the rule against hearsay, a recording of a 911 call placed by the friend approximately 29 minutes after the attack.
The defendant's contention that he received the ineffective assistance of counsel is without merit. To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate "the absence of strategic or other legitimate explanations" for counsel's allegedly ineffective representation (People v Rivera, 71 NY2d 705, 709). Contrary to the defendant's contention, his counsel cross-examined the medical examiner regarding certain Brady material (see Brady v Maryland, 373 US 83) that was disclosed to the defense immediately before the medical examiner testified. Specifically, on cross-examination, the medical examiner conceded that, although all 24 wounds were consistent with the use of one knife, she could not say conclusively that only one knife was used.
The record also does not support the defendant's contention that his trial counsel [*2]should have asked the County Court to charge the lesser included offense of manslaughter in the first degree. Viewing the evidence in the light most favorable to the defendant, there is no reasonable view of the evidence, given the number of wounds, the location of the wounds, the force with which the wounds were inflicted, and the defendant's motive for attacking the victim, to support the conclusion that the defendant intended only to seriously injure the victim, but not to kill him (see generally People v Powell, 125 AD3d 1010, 1012, affd 27 NY3d 523). Since there is no reasonable view of the evidence to support a charge of manslaughter in the first degree, the failure of the defendant's counsel to request such a charge was not error (see People v Zhagnay, 142 AD3d 1029, 1029-1030).
Likewise, contrary to the defendant's contention, his counsel's failure to object to the discharge of an absent juror did not constitute ineffective assistance since the juror was appropriately discharged by the County Court. Pursuant to CPL 270.35(2)(a), "[i]n determining . . . whether a juror is unable to continue serving by reason of illness or other incapacity, or is for any other reason unavailable for continued service, the court shall make a reasonably thorough inquiry concerning such illness, incapacity or unavailability, and shall attempt to ascertain when such juror will be appearing in court." Furthermore, "[i]f such juror fails to appear, or if the court determines that there is no reasonable likelihood such juror will be appearing, in court within two hours of the time set by the court for the trial to resume, the court may presume such juror is unavailable for continued service and may discharge such juror" (CPL 270.35[2][a]). Here, the subject juror failed to appear, had not contacted the court, and the court waited more than four hours for the missing juror. In addition, the court tried to contact the missing juror by calling both his home phone and his cell phone 15 times and had court security personnel check multiple times for the juror in the security area and the jurors' lounge. Since the court providently exercised its discretion in discharging that juror and replacing him with an alternate (see People v Jeanty, 94 NY2d 507; People v Newmark, 155 AD3d 974, 975), counsel's failure to object to excusing the juror and replacing him with another juror was not ineffective assistance of counsel.
The recording of the 911 call—placed by the victim's friend almost half an hour after the incident—did not have any of the indicia of an excited utterance and should not have been admitted (see People v Johnson, 1 NY3d 302, 306; People v Leach, 137 AD3d 1300, 1300-1301). The People failed to demonstrate that the 911 call was not the product of studied reflection and deliberation. The call not only occurred almost half an hour after the attack, but the tenor of the friend's voice on the call, and the content of the call, as well as the friend's subsequent testimony about the call, failed to show that at the time of the call he had been so excited or stressed by the incident that his ability to reflect on the incident or to deliberate about it was stilled (see People v Johnson, 1 NY3d at 307; People v Casiano, 148 AD3d 1044, 1046). Nevertheless, the error in admitting the recording was harmless in light of the overwhelming evidence of the defendant's guilt without reference to the recording and the absence of any significant probability that the error might have contributed to the defendant's convictions (see People v Cummings, 31 NY3d 204, 212; People v Leach, 137 AD3d at 1300-1301).
MASTRO, J.P., MALTESE, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court