People v Melendez (2019 NY Slip Op 06413)





People v Melendez


2019 NY Slip Op 06413


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2015-03901
 (Ind. No. 3166/12)

[*1]The People of the State of New York, respondent,
v
Ruark Melendez, appellant.


Patrick Michael Megaro, Forest Hills, NY, for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Tina Grillo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ira H. Margulis, J.), rendered April 30, 2015, convicting him of assault in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
We agree with the Supreme Court's denial of the defendant's Batson challenge (see Batson v Kentucky, 476 US 79), as the defendant failed to satisfy his ultimate burden of demonstrating, under the third prong of the Batson analysis, that the prosecutor's race-neutral explanation for the questioned peremptory challenges was a pretext for racial discrimination (see People v Hecker, 15 NY3d 625, 663-664; People v Smocum, 99 NY2d 418, 422-423; People v Gonsalez, 144 AD3d 841, 842; People v Allen, 71 AD3d 778, 779).
The defendant's contention that the Supreme Court improperly discharged a sworn juror and replaced her with an alternate is also without merit. The court conducted a reasonably thorough inquiry into the juror's unavailability and providently exercised its discretion in replacing the juror after determining that the juror would not appear within the two-hour period set forth in CPL 270.35(2) (see People v Jeanty, 94 NY2d 507). The defendant's claim regarding the constitutionality of the discharge of the juror is unpreserved for appellate review (see People v Angelo, 88 NY2d 217, 222; People v Ballard, 51 AD3d 1034 1035-1036) and, in any event, without merit (see People v Jeanty, 94 NY2d at 517; People v Ballard, 51 AD3d at 1036).
There is no merit to the defendant's contention that certain of the Supreme Court's evidentiary rulings violated his right to present a defense. "[W]hile all relevant evidence is admissible unless its admission violates some exclusionary rule, evidence is relevant only if it tends to prove the existence or nonexistence of a material fact directly at issue in the case" (People v Robinson, 143 AD3d 744, 746; see People v Jin Cheng Lin, 26 NY3d 701, 727). Further, " well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury'" (People v Powell, 27 NY3d 523, 530, quoting Holmes v South Carolina, 547 US 319, 326; see People v Robinson, 143 AD3d at 746). Here, while the defendant complains of the [*2]refusal to admit certain photographs into evidence, such photographs were not relevant as they did not tend to prove the existence or nonexistence of a material fact directly at issue and any probative value was outweighed by the possible prejudicial impact on the jury. The defendant also argues that the court should have admitted photocopies of certain text messages, but the court's failure to admit these photocopies was not prejudicial to the defendant because these text messages were read in their entirety into the record by defense counsel and the jury was free to request a read back of the content of the messages.
The defendant's contention that comments made by the prosecutor in summation were improper and deprived him of a fair trial is largely unpreserved for appellate review (see CPL 470.05[2]; People v Morales, 171 AD3d 945, 947; People v Kaval, 154 AD3d 875, 876) and, in any event, is without merit. The challenged remarks were either fair comment on the evidence (see People v Ashwal, 39 NY2d 105, 109; People v Morales, 171 AD3d at 947), a fair response to arguments and theories presented in the defense summation (see People v Galloway, 54 NY2d 396, 399; People v Morales, 171 AD3d at 947), or not so egregious as to have deprived the defendant of a fair trial (see People v Morales, 171 AD3d at 947; People v Wilson, 163 AD3d 881).
The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., COHEN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court