# State of New York Court of Appeals

OPINION

This opinion is uncorrected and subject to revision before publication in the New York Reports.

No. 27
The People &c.,
          Respondent,
     v.
David R. Lang,
          Appellant.

Matthew S. Hellman, for appellant.
Michelle A. Bowen, for respondent.

GARCIA, J.:

On the ninth day of defendant's murder trial, the court substituted an alternate juror for a sitting juror who failed to appear. Before doing so, the trial court did not conduct a reasonably thorough inquiry into the sitting juror's unavailability or place on the record

- 1 -

facts supporting a finding that the juror was unavailable for service (see CPL 270.35 [2]).

Accordingly, we reverse.

On June 19, 2012, defendant called 911 and told the dispatcher that he had shot his brother. Police responded to the farm where the brothers lived and discovered that defendant's brother had indeed been shot. He died shortly thereafter. Defendant was arrested and charged with murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the fourth degree (id. § 265.01 [2]). He proceeded to trial.

Before the day's proceedings began on the morning in question, the judge informed the parties that one of the jurors was absent:

> Juror Number 9 could not be here to finish the trial today due to a – I believe an incredibly important appointment for a family member, which is understandable. . . . But it seems to me it's unfortunate, but we certainly appreciate her service and we're sorry she couldn't finish the trial, so we'll have to use Alternate Number 1 to finish the trial. We'll discuss this later. All right? And if you have some objections. . . .
>
> But in any event, anything else? Are you . . . ready to begin? Who's calling the witness?

Without stating that it was ordering the substitution, the court proceeded with Alternate Number 1 seated in place of Juror Number 9.

At the next recess, the judge asked defense counsel if he had "a problem" with the court's decision to replace the juror, noting that counsel seemed to "have some reticence about that." Counsel objected to the substitution, asserting that the court had failed to

conduct an inquiry into Juror Number 9's absence and give counsel an opportunity to be heard on the issue. The court responded that Juror Number 9 "stated in voir dire that she did have a medical appointment for her son in Rochester and that's where she went." Defense counsel disagreed that the juror had made that statement – which, in fact, she had not – and the court acknowledged that "[m]aybe she wasn't the one, but there was somebody who said they had a medical appointment." Although counsel objected to the absence of a reasonably thorough inquiry into the juror's unavailability, the court placed no further facts regarding Juror Number 9's absence on the record, noted defense counsel's exception, and proceeded with the trial.

At a later recess the same morning, defense counsel moved for a mistrial based on the court's substitution of the sitting juror without giving defendant prior notice or an opportunity to be heard. The court denied the motion. Alternate Number 1 served for the remainder of the trial and was a member of the jury that found defendant guilty on both charges. Defendant was sentenced to a term of 17 years to life in prison.

The Appellate Division affirmed, holding that, "[i]n context," the trial court "engaged in the requisite reasonably thorough inquiry prior to determining that the juror would not be returning within two hours" and that defendant had an opportunity to be heard prior to the discharge of the juror (164 AD3d 963, 969 [3d Dept 2018]). A Judge of this Court granted defendant's application for leave to appeal (32 NY3d 1126 [2018]).

The Criminal Procedure Law provides that, to determine whether an absent sworn juror may be presumed "unavailable for continued service," the trial court must "make a

reasonably thorough inquiry" regarding the juror's absence and "attempt to ascertain when such juror will be appearing in court" (CPL 270.35 [2] [a]). "If such juror fails to appear, or if the court determines that there is no reasonable likelihood such juror will be appearing, in court within two hours of the time set by the court for the trial to resume, the court may presume such juror is unavailable for continued service" and, after providing the parties an "opportunity to be heard" and placing on the record the "facts and reasons for its determination," the court may discharge the juror (id. § [2] [a]-[b]). While the trial court need not actually wait two hours before substituting a juror, the court may not "presume" that a juror is unavailable for continued service without conducting the requisite "reasonably thorough inquiry" and determining that a juror is not likely to appear within two hours (People v Jeanty, 94 NY2d 507, 512, 516 [2000] [describing circumstances sufficient to warrant finding of unavailability]). "Without a reasonably thorough inquiry . . . the exercise of the court's discretion on the ultimate issue of whether or not to replace the juror would be uninformed" (id. at 516).

Here, the trial court failed to conduct the requisite "reasonably thorough inquiry" before substituting Alternate Number 1 for Juror Number 9 (see CPL 270.35 [2] [a]). When it ordered the substitution, the court had merely stated its "belie[f]" that Juror Number 9 had an "appointment for a family member," and incorrectly claimed that Juror Number 9 had stated during voir dire that she had a medical appointment for her son in Rochester. Not only did the court provide only limited – and inaccurate – reasons to support a finding of unavailability, there is nothing on the record reflecting that it made any inquiry into

Juror Number 9's whereabouts or likelihood of appearing prior to ordering the substitution of Juror Number 9 with Alternate Number 1. On this record, the court failed to satisfy the requirement that a trial court conduct a "reasonably thorough inquiry" to ensure that its substitution determination is adequately informed (id.; Jeanty, 94 NY2d at 512).

Because reversal is required, we need not reach defendant's remaining arguments regarding the prosecutor's summation and the denial of his request for an adverse inference instruction (see People v Moye, 66 NY2d 887, 890 [1985]).

The order of the Appellate Division should be reversed and a new trial ordered.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Order reversed and new trial ordered. Opinion by Judge Garcia. Chief Judge DiFiore and Judges Rivera, Stein, Fahey, Wilson and Feinman concur.

Decided June 23, 2020