People v O'Doherty (2025 NY Slip Op 01646)

People v O'Doherty

2025 NY Slip Op 01646

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
WILLIAM G. FORD
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2021-06173
 (Ind. No. 1283/19)

[*1]The People of the State of New York, respondent,
v
Niall O'Doherty, appellant.

London & Worth, LLP, New York, NY (Tilem & Associates, P.C. [Robert M. Schechter], of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Lucy E. Pannes of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Michael J. Yavinsky, J.), rendered August 18, 2021, convicting him of unlawful imprisonment in the second degree, aggravated harassment in the second degree, and harassment in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant allegedly prevented the complainant from walking to her parents' home by grabbing and squeezing her arms repeatedly over the course of 25 minutes, telling her she could not leave him, and threatening to kill himself. The altercation began after the complainant, who was pregnant with the couple's child, discovered that the defendant was exchanging texts, pictures, and sexually explicit videos with other women on his cell phone. The jury found the defendant guilty of unlawful imprisonment in the second degree, aggravated harassment in the second degree, and harassment in the second degree.
Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), the evidence was legally sufficient to establish the charges of unlawful imprisonment in the second degree (Penal Law § 135.05; Matter of Rashaun S., 46 AD3d 412, 412; People v Lotmore, 276 AD2d 901, 902) and harassment in the second degree (Penal Law § 240.26[2]). The evidence established that the defendant's conscious
objective (see id. § 15.05[1]) was to restrain the complainant (see id. §§ 135.00[1]; 135.05) and to harass, annoy, or alarm her (see id. § 240.26[2]). The defendant failed to preserve for appellate review (see CPL 470.05) his contention that the evidence that the complainant sustained a physical injury (see Penal Law § 10.00[9]) is legally insufficient to support the charge of aggravated harassment in the second degree (id. § 240.30[4]). In any event, the contention is without merit, as the evidence demonstrated that the complainant suffered substantial pain (see People v Chiddick, 8 NY3d 445, 447). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to the counts of unlawful imprisonment in the second degree, aggravated harassment in the second degree, and harassment in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the jury charge on harassment in the second degree (Penal Law § 240.26[2]) was defective because the Supreme Court failed to instruct the jury on the statutory definition of "public place" (see id. § 240.00[1]) is unpreserved for appellate review (see CPL 470.05). In any event, under the circumstances, any failure by the court to read the definition is, at most, harmless error (see People v Delavalette, 113 AD2d 897, 898).
The defendant's general objection failed to preserve for appellate review his specific contention that the Supreme Court failed to conduct a reasonably thorough inquiry before discharging juror No. 12 on the ground of illness and replacing her with an alternate juror (see People v Gueye, 122 AD3d 768, 768). In any event, the contention is without merit (see CPL 270.35[1], [2][a], [b]; People v Hugginis, 163 AD3d 719, 719; see also People v Jeanty, 94 NY2d 507, 517).
The defendant contends that the prosecutor committed misconduct on summation by mischaracterizing the law and evidence, confusing the jury, and making unfair comments leading the jury to speculate. However, the defendant's contention is largely unpreserved for appellate review. Defense counsel failed to object to most of the allegedly improper comments and, even when the Supreme Court sustained his objections, he failed to request curative instructions or move for a mistrial on the grounds now argued on appeal (see CPL 470.05[2]; People v Gonzalez, 183 AD3d 663). In any event, the challenged remarks constituted fair comment on the evidence and the inferences to be drawn therefrom or were responsive to defense counsel's comments during summation (see People v Fowler, 232 AD3d 908, 909). Further, the evidence of the defendant's guilt was overwhelming, and there is no significant probability that any improper remarks made by the prosecutor during summation contributed to the defendant's convictions (see People v Crimmins, 36 NY2d 230).
The defendant's remaining contentions are unpreserved for appellate review, and we decline to exercise our interest of justice jurisdiction (see CPL 470.15[6]) to reach the issues.
DILLON, J.P., FORD, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court